BELFER, APPELLEE, *v.* SPIEGEL ET AL, APPELLANTS.

(Nos. 47590 and 47631—Decided June 29, 1984.)

*Eugene S. Bayer,* for appellee.
*Eli Manos, Dale E. Markworth* and *Frank Spiegel,* for appellants.

JACKSON, P.J. This is an appeal from a judgment in favor of plaintiff-appellee, Gerald Belfer, against his former attorneys, appellants, Frank Spiegel, Lester Mensch and Spiegel & Mensch Co., L.P.A.

Appellee sued the appellants for legal malpractice, when they failed to timely file an appeal from a judgment rendered against appellee in common pleas court case No. 966566. Specifically, in the prior case, the court of common pleas had found that appellee had made a gift to his long-time girlfriend, Mary Stone, of a one-half interest in a residence on Linda Lane in Walton Hills. Appellants, who were hired to perfect an appeal, negligently failed to do so. Appellee sued appellants for malpractice. The trial court entered summary judgment on the issue of liability in favor of appellee, and the issue of damages was tried to a jury. The jury returned a verdict in the amount of $66,000 on behalf of appellee. This appeal followed.

Appellants assign three errors on the issue of liability and two assignments of error on the issue of damages.[1]

## I. Liability

There are three elements to a claim for malpractice: (1) breach of duty, (2) proximate cause, and (3) damages. There is no question but that appellee retained appellants for purposes of perfecting an appeal; and that appellants

---

[1] See Appendix attached.

breached a duty of due care to appellee by failing to file an appeal from the decision of the common pleas court in case No. 966566. There is also no question but that appellee sustained damages: the loss of one-half interest in the Walton Hills residence.

The second element of appellee's claim, however, the issue of proximate cause, was not proven.

To prove proximate cause in this case, the appellee had the burden of proving that the negligence of his attorney resulted in his damages. In the context of this case, he had the burden of adducing some evidence that the judgment in case No. 966566 would have been reversed on appeal. The only evidence adduced by appellee at trial was his own testimony that although he was not an attorney, he had researched this matter at the Cleveland-Marshall School of Law Library; he was not permitted to testify that the decision would have been reversed on appeal.

The decision of the trial judge in this case was thorough, well-reasoned, and well-grounded in precedent. The sole issue in dispute in that case was whether appellee had granted Stone a one-half interest in the real property by way of gift, or whether she held the interest for him by way of resulting trust. Judge Markus concluded that the transaction was a gift.

This court, in *John Deere Indus. Equip. Co.* v. *Gentile* (1983), 9 Ohio App. 3d 251, discussed in detail the principles of the "purchase money resulting trust." Essentially, if the person in whose name the property is placed is a "natural object of bounty" of the purchaser, then there is a presumption that the conveyance was a gift; if the person is not a natural object of bounty, then the presumption is that the conveyance was a trust. But in all cases the presumption may be rebutted. Evid. R. 301. In the *John Deere* case, the

presumption of a gift was overcome by clear and convincing evidence.

In the case at bar, according to the facts as set forth in the opinion of the trial judge, *all* of the surrounding circumstances indicate that appellee made a gift to Mrs. Stone. She was his long-time lover and companion. They intended to live in the house together, and did so for two years. She selected the house for purchase. He never told anyone, including Stone, that he considered the house to be solely his. Stone was liable on the mortgage note, which appellee's mother later enforced against her. Even if there had been a presumption that the transaction was not a gift, such a presumption was undeniably rebutted by the evidence.

There is no reasonable possibility that the trial judge's decision determining that the transaction was a gift would have been reversed on appeal. This court is persuaded that appellants' negligence did not proximately cause damage to the appellee. Consequently, the trial court should have directed a verdict against the appellee.

## II. Damages

Appellants contend that the trial court erred in allowing appellee to testify that his home was appraised at $87,000 for tax purposes, in that such testimony was inadmissible hearsay, and appellants contend that the subsequent foreclosure on the premises was unrelated to the appellants' alleged malpractice.

Public assessments on real property are contained in public records, and concern matters observed pursuant to duty imposed by law. There is no claim that the assessed full market valuation of the home was *not* $87,000. Therefore, this information could have been introduced by way of public records, under an exception to the hearsay rule.[2] Certainly the assessed valuation of real property is one factor tending to prove its fair market value. The court did not err in admitting this evidence.

Also, there was no causal connection between the appellants' alleged malpractice and the appellee's loss of his home. Following the judgment in favor of Stone, appellee mortgaged the premises to buy out her one-half interest. When he was unable to pay the mortgage, the mortgage was foreclosed. The appellants' assignments of error relating to the issue of damages are not well-taken.

Based upon our disposition of the issue of liability, the judgment in favor of appellee is reversed, and judgment is entered for appellants.

*Judgment reversed.*

PRYATEL and ANN McMANAMON, JJ., concur.

## Appendix

The appellants' first three assignments of error address the issue of liability. The fourth and fifth assigned errors are concerned with damages. The sixth assignment of error is a recapitulation of the others.

"Assignment of Error No. 1:

"The trial court erred in overruling defendants' motion for a directed verdict made both at the close of plaintiff's case and after all of the testimony was presented, and in overruling defendants' motion for judgment notwith-

---

[2] Evid. R. 803(8) provides:

"Public records and reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (a) the activities of the office or agency, or (b) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, unless offered by defendant, unless the sources of information or other circumstances indicate lack of trustworthiness."

standing the verdict in that plaintiff failed to establish that had the appeal been prosecuted in the case of *Belfer* v. *Hrabak,* plaintiff would have prevailed.

"Assignment of Error No. 2:

"The court below erred in granting summary judgment concerning the liability of the defendants if it intended in so granting the motion to hold that plaintiff would have prevailed on appeal in the case of *Belfer* v. *Hrabak.*

"Assignment of Error No. 3:

"The court below erred in overruling defendants' motion for summary judgment and should have granted it.

"Assignment of Error No. 4:

"The trial court erred in permitting the plaintiff to testify that the county had appraised his house at $87,000.00.

"Assignment of Error No. 5:

"The court erred in permitting plaintiff to testify that as a result of defendants' malpractice his house was foreclosed upon and his damages were the difference between the value of the house and the amount he received in the foreclosure sale.

"Assignment of Error No. 6:

"The verdict of the jury was contrary to the weight of the evidence and inspired by passion and prejudice."