HOWARD ET AL., APPELLANTS, *v.* SWEENEY ET AL., APPELLEES.

(No. 49911—Decided December 9, 1985.)

*Harold H. Howard,* for appellants.
*Weston, Hurd, Fallon, Paisley & Howley, Mark O'Neill* and *Carolyn M. Cappel,* for appellees.

PARRINO, C.J. Harold and Ida Howard appeal from the trial court's granting of the defendants' motion for summary judgment. For the reasons adduced below, the trial court's judgment is affirmed.

I

The facts giving rise to this appeal are as follows. From April 18, 1962 to March 24, 1967 plaintiff Harold Howard was employed by A. Schulman, Inc. While employed with this company, Howard worked with several raw materials in producing various rubber and plastic pellets. One of the raw materials used was asbestos. Howard maintains that as a result of his occupational exposure to asbestos, he now suffers from asbestosis together with other complications.

In January 1978, Harold Howard retained the law firm of Sweeney, Mahon and Vlad Co., L.P.A. (now Robert E. Sweeney Co., L.P.A.). The firm was hired to pursue a claim for damages against the manufacturers who supplied A. Schulman, Inc. with asbestos during the period in which Howard worked there. On May 3, 1978 the Sweeney firm filed suit on behalf of the Howards against Huxley Development Corporation ("Huxley").[1] The complaint was filed in the United States District Court

---

[1] The record is not clear as to what other companies were listed in the complaint.

for the Northern District of Ohio, Eastern Division.

The trial court, on December 20, 1979, granted Huxley's first motion for summary judgment holding that the claim was barred by the statute of limitations. The trial court in dismissing the claim applied the prevailing law at the time, i.e., the action had to have been brought within two years of the last exposure.[2] See *Wyler* v. *Tripi* (1971), 25 Ohio St. 2d 164 [54 O.O.2d 283]. The Howards appealed the court's judgment.

The trial court's judgment was reversed and remanded by the Sixth Circuit Court of Appeals on April 9, 1981. Just two days earlier, the Sixth Circuit had ruled that in asbestos cases the cause of action arises when the disease manifests itself, not upon last exposure. *Clutter* v. *Johns-Manville Sales Corp.* (C.A. 6, 1981), 646 F. 2d 1151. Thus the plaintiffs' case was remanded to the trial court for a determination as to when Howard's disease was manifested and also to rule on the court's personal jurisdiction over Huxley.

On remand the trial court again granted Huxley's motion for summary judgment. In an opinion dated July 23, 1982, the trial court held that the Howards failed to establish the minimum contacts necessary for the court to obtain personal jurisdiction. Further, the trial court held that the disease had manifested itself by April 27, 1976, and thus the claim was still barred by the statute of limitations because it was filed two years and six days after the cause of action accrued.

An appeal was not filed from the second judgment.

On July 27, 1983, Harold Howard and his wife, Ida Howard, filed a complaint against Robert E. Sweeney and Thomas H. Terry III.[3] The complaint, as amended, alleged in pertinent part that the defendants negligently permitted the Howards' claims to become barred by the statute of limitations. As a result, the plaintiffs claimed to have been damaged in the amount of $1,300,000. The defendants filed a timely answer denying the material allegations of the complaint.

The defendants filed a motion for summary judgment on July 3, 1984. The defendants argued that at the time the claim was presented to the Sweeney firm, it was already barred by the statute of limitations.[4] The plaintiffs opposed the motion for summary judgment alleging that a timely claim could have been filed between the time the Sweeney firm was retained, January 16, 1978, and the running of the statute of limitations, which expired two years after the disease manifested itself on April 27, 1976.

On January 23, 1985, the defendants' motion for summary judgment was granted. The plaintiffs have filed a timely appeal raising a single assignment of error.

## II

Assignment of error:

"The trial court erred as a matter of law by granting appellees' motion for summary judgment since genuine issues of material fact exist in this case."

---

[2] Harold Howard's last exposure to asbestos was in 1967. The complaint was filed in 1978. The Sweeney firm was aware of this problem but took the case hoping that the law relating to when the cause of action accrued could be changed.

[3] At the time the complaint was filed both defendants were members of the Sweeney firm.

[4] The appellees maintain, under the last exposure theory, that the Howards' claims were barred in 1969. Further, under the manifestation theory adopted in *Clutter*, supra, the Howards' claim was barred in 1977.

Civ. R. 56(C) provides in pertinent part:

"* * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *"

In order for this court to determine whether the trial court erred in granting summary judgment pursuant to the aforementioned standard, we must consider the evidence together with the law relevant to the claim asserted.

To maintain the claim asserted in the case at bar, *i.e.*, legal malpractice, it is incumbent upon the plaintiffs to prove: (1) an attorney-client relationship existed at the time of the incident, (2) the attorney breached his duty by failing to provide competent legal services, and (3) the plaintiffs suffered damages as a proximate result of the attorney's breach of duty. *Jablonski* v. *Higgins* (1983), 6 Ohio Misc. 2d 8, 10. In considering whether an attorney breached his duty, it is important to note that liability will not attach for lack of knowledge as to the true state of the law where a doubtful or debatable point is involved. See *Smith* v. *Lewis* (1975), 13 Cal. 3d 349, 358, 530 P. 2d 589, 595, overruled on other grounds in *In re Marriage of Brown* (1976), 15 Cal. 3d 838,

851, 544 P. 2d 561, 569, at fn. 14. Further, in proving damages the plaintiffs must be able to prove that the original claim would have been successful had the attorney not been negligent. *Belfer* v. *Spiegel* (1984), 18 Ohio App. 3d 64.

In the instant case, plaintiffs argue that material issues exist as to whether the defendants failed to file the personal injury action within the statute of limitations. A review of the evidence submitted by the parties reveals that an issue of fact does exist as to when the disease manifested itself. Under the present law this is important because it serves as the point in time in which the statute of limitations begins to run. See *Clutter, supra.* However, we do not believe it to be a material issue of fact in the case at bar.

As noted earlier, an attorney will not be held liable for lack of knowledge as to the true state of the law where a doubtful or debatable point is involved. *Smith, supra.* In the case at bar, the plaintiffs have attempted to go beyond that which has already been rejected by attempting to hold the defendants liable for failing to accurately predict *future* changes in the law. At the time the complaint was filed, the law was clear. The statute of limitations began running on an asbestos claim from the date of last exposure. See *Wyler, supra.* The fact that the Sweeney firm took the case hoping the law would change does not subject the defendants to liability for failing to accurately predict when and how the law would change. Holding an attorney liable under these facts would place an impossible burden on attorneys who might be willing to accept a case in the hope that the law might be changed. The effect of such a holding would be that attorneys would no longer take such cases, a result which is contrary to public policy. Thus we conclude that an attorney's acts must necessarily be governed by the law as it existed at the time of the act. Counsel's failure to

44

predict a subsequent change in a settled point of law cannot serve as a foundation for professional negligence.

Our conclusion is further supported by the case law. In *Davis v. Damrell* (1981), 119 Cal. App. 3d 883, 888, 174 Cal. Rptr. 257, 260, the court held as follows:

"[W]e conclude as a matter of law, the subject of the community character of vested military retirement benefits inherently involved an unsettled point of law; accordingly, respondent's failure to anticipate its future resolution — characterized in a recent decision as a '180° shift in the law' (*Ruchti v. Goldfein* (1980) 113 Cal. App. 3d 928, 934 [170 Cal. Rptr. 375]) — cannot serve as the basis for professional negligence by reason of an erroneous but otherwise informed judgment."

The plaintiffs also argue that summary judgment was improperly granted in the federal case because the defendants negligently failed to submit a proper affidavit under Fed. R. Civ. P. 56, which affidavit was needed to establish the court's personal jurisdiction over Huxley, a New York corporation. This argument also lacks merit.

Even assuming Sweeney's failure to submit a proper affidavit constituted negligence, the plaintiffs would not be able to prove damages. To prove damages the plaintiffs would have to be able to show that but for the defendants' negligence, the plaintiffs would have succeeded on their claim against Huxley. *Belfer, supra.* The undisputed evidence clearly establishes that Huxley did not sell asbestos to A. Schulman, Inc. during the period of time in which Harold Howard worked for Schulman. Thus, the plaintiffs could not have successfully maintained a claim against Huxley. Since the plaintiffs could not have collected against Huxley, the trial court properly granted summary judgment on the malpractice claim relating to the establishment of personal jurisdiction over Huxley.

The trial court's judgment is affirmed.

*Judgment affirmed.*

JACKSON and PRYATEL, JJ., concur.