**CAMPBELL, Appellee,**

**v.**

**ELSASS, d.b.a. T.H. Elsass Co., L.P.A., Appellant.**

[Cite as *Campbell v. Elsass* (1989), 62 Ohio App.3d 829.]

Court of Appeals of Ohio,
Franklin County.

No. 88AP–958.

Decided May 16, 1989.

830

*Arthur G. Wesner* and *Frank J. Veneziano,* for appellee.

*Tobias H. Elsass, pro se.*

STRAUSBAUGH, Judge.

This is an appeal by defendant from a judgment of the municipal court in favor of plaintiff on plaintiff's complaint alleging legal malpractice. The municipal court overruled defendant's motion to dismiss and found in favor of plaintiff against defendant in the amount of $9,000.

Plaintiff, Steve Campbell, was employed as a subcontractor by Coover Construction Company ("Coover") to erect a concrete building at 2880 South Hamilton Road on property owned by U–Haul of Columbus, Inc. ("U–Haul"). Subsequent to the completion of plaintiff's performance, Coover failed to reimburse plaintiff in full.

Plaintiff then contacted defendant, Tobias H. Elsass, d.b.a. T.H. Elsass Co., L.P.A., on October 26, 1984, in order to collect the unpaid portion owed by Coover to plaintiff. Apparently, plaintiff had retained defendant previously and defendant was representing plaintiff's daughter in a domestic relations matter. In any event, on May 29, 1985, defendant filed suit on behalf of plaintiff in the Franklin County Court of Common Pleas against Coover, Building Excellence, Inc., Robert Bush, and U–Haul. That complaint alleged that plaintiff had completed the performance of a construction contract for Coover on October 26, 1984 and that there was still due and owing plaintiff from Coover the sum of $9,000. Although the record fails to disclose the current status of that case, the record does include a copy of U–Haul's answer to the complaint, which answer denies the allegations of plaintiff's complaint with respect to the claim alleged against Coover.

Plaintiff then commenced the instant cause on October 21, 1986 in the Franklin County Municipal Court alleging that defendant was negligent in the representation of plaintiff with respect to the construction claim. Specifically,

plaintiff alleged that defendant negligently failed to file a mechanics' lien against Coover and that defendant's negligence proximately caused plaintiff damage in the amount of $9,000. Defendant thereafter answered and filed a counterclaim against plaintiff for payment of the services defendant provided to plaintiff's daughter, Melody Cline, in the unrelated domestic relations action. These matters came on for trial to the court on November 12, 1987. At trial, plaintiff maintained that defendant agreed to file a mechanics' lien against Coover sometime during the latter part of 1984, that the mechanics' lien was prepared in mid-December 1984, but that the lien was never filed by defendant. At the close of plaintiff's evidence, defendant moved the court pursuant to Civ.R. 41(B)(2) to dismiss plaintiff's complaint on five separate grounds. The trial court overruled this motion and at the conclusion of all the evidence entered judgment in plaintiff's favor in the amount of $9,000. The trial court also dismissed defendant's counterclaim regarding the services rendered on behalf of plaintiff's daughter.

Defendant now appeals and sets forth the following two assignments of error:

"1. The Court of Common Pleas committed reversible error when it arbitrarily overruled the Appellant's Motion to Dismiss concerning the evidence, without considering the weight and sufficiency of the evidence which was prejudicial to the Appellant.

"2. The Court of Common Pleas committed reversible error when it arbitrarily overruled the Appellant's Motion to Dismiss because all the parties in the case are not present, thereby resulting in prejudice toward the Appellant."

■ Turning first to the second assignment of error, it is defendant's contention that the trial court erroneously overruled his motion to dismiss pursuant to Civ.R. 41(B)(2) because plaintiff failed to join all necessary parties. Specifically, defendant argues that because plaintiff's contract was with an independent contractor, who was not a party to the case, and because plaintiff admitted the existence of a partner who held one-half interest in the construction job at issue, it was error for the trial court to allow the case to proceed without joining both parties.

Although defendant has failed to identify the precise legal basis for the second assignment of error, it appears that defendant's motion to dismiss for failure to join a necessary party was premised upon the provisions of Civ.R. 19(A)(2)(b). That section provides:

"Persons to Be Joined if Feasible. A person who is subject to service of process shall be joined as a party in the action if * * * he claims an interest

relating to the subject of the action and is so situated that the disposition of the action in his absence may * * * leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest * * *."

Clearly, the provisions of Civ.R. 19(A)(2)(b) are inapplicable to either the person defendant claims should be made a party plaintiff or the person defendant claims should be made a party defendant.

It is defendant's position that plaintiff admitted the existence of a partner in undertaking the performance of the contract for Coover. However, a review of the record indicates only that plaintiff had an agreement with the alleged "partner" as to the division of labor and capital necessary to the performance of the contract with Coover. There is no evidence that plaintiff formed a partnership or that plaintiff was authorized to seek the services of defendant on behalf of a partnership. See R.C. 1775.05 and 1775.06. The record indicates only that plaintiff sought the services of defendant on his behalf alone. The court did not err in refusing to dismiss the action for failure to join a party plaintiff.

■ With respect to defendant's contention that the trial court should have dismissed this cause for plaintiff's failure to join a party defendant, this contention is totally devoid of merit. Defendant argues that plaintiff in fact retained the services of another attorney who shared defendant's office regarding the filing of the mechanics' lien. As such, defendant maintains that plaintiff's claim is against this third party. However, even if such argument is correct, Civ.R. 19(A)(2)(b) is inapposite. To the extent plaintiff has failed to sue the correct defendant, such failure does not render defendant subject to a substantial risk of incurring double or inconsistent obligations. Rather, defendant's assertion is merely a defense to the instant cause and, because defendant bears the burden of proving such defense, the trial court properly overruled a Civ.R. 41(B)(2) motion to dismiss premised upon such defense.

Based on the foregoing, defendant's second assignment of error is overruled.

Defendant's first assignment of error challenges both the sufficiency and the weight of the evidence which underlie the trial court's judgment. Defendant maintains that plaintiff failed to establish a completion date which was necessary to calculate the time period for filing the mechanics' lien; that there is no evidence to support the conclusion that the mechanics' lien in question was never filed; that plaintiff failed to establish any contractual relationship between plaintiff and Coover which contract would be necessary to the filing of a mechanics' lien; that the evidence in the case indicates that the mechanics' lien was actually to be filed by an independent contractor rather than by

defendant; and that it was the negligence of the independent contractor in failing to file the mechanics' lien that resulted in any injury to plaintiff.

A reviewing court may not reverse as contrary to the manifest weight of the evidence a judgment which is supported by some competent, credible evidence. Cf. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578. In order to establish a claim for legal malpractice, the complaining party must demonstrate the existence of an attorney-client relationship, breach by the attorney of the duty to competently represent the client, and injury to the client proximately caused by the attorney's breach. *Howard v. Sweeney* (1985), 27 Ohio App.3d 41, 43, 27 OBR 43, 45–46, 499 N.E.2d 383, 386, and *Belfer v. Spiegel* (1984), 18 Ohio App.3d 64, 65, 18 OBR 178, 178–179, 480 N.E.2d 825, 826.

■ Essentially, defendant maintains that plaintiff failed to produce sufficient evidence on each of the three elements necessary to establish a legal malpractice claim. With respect to the first element, it was defendant's position at trial that plaintiff retained the services of an independent attorney who worked in defendant's office for purposes of filing the mechanics' lien. While defendant introduced certain testimony and evidence to support this position, plaintiff categorically denied that he ever met or retained any attorney other than defendant. Plaintiff supported this testimony by reference to a bill from defendant which charged plaintiff for the preparation of the mechanics' lien. Such evidence is sufficient to support a finding that plaintiff retained defendant for the purpose of filing the lien.

■ With respect to the second element of a legal malpractice claim, defendant contends that no proof was adduced which indicates the mechanics' lien was never filed. However, defendant admitted during defendant's case in chief that he never filed a mechanics' lien and that he was without knowledge that anyone else ever filed the mechanics' lien. Moreover, upon rebuttal plaintiff introduced evidence that no mechanics' lien was ever filed. Such evidence is sufficient to support a finding that defendant breached his duty of competent representation.

■ Finally, with respect to defendant's assertions regarding plaintiff's failure to sufficiently establish either the value of his contract with Coover or that any injury to plaintiff was occasioned as a proximate result of defendant's negligence, we reject both assertions. First, as to the issue of plaintiff's contract with Coover, the uncontradicted evidence adduced at trial indicates that Coover owed plaintiff in excess of $9,000 and that Coover has never paid this amount to plaintiff. Defendant introduced no evidence to

place this amount in dispute. Accordingly, the evidence supports a finding that plaintiff held a claim against Coover in the amount of $9,000.[1]

The critical issue, however, before the court is whether defendant's negligence in failing to timely file the lien was a proximate cause of plaintiff's damage. Defendant contends that plaintiff never established that the filing of the lien on or after December 17, 1984, would have been within sixty days of the date plaintiff completed performance for Coover.

While the record does not affirmatively establish a specific date for completion of performance, the record does establish that plaintiff completed performance in October 1984, that plaintiff made demand of Coover in October 1984 for payment, and that plaintiff contacted defendant on October 26, 1984 regarding collection from Coover on the unpaid bill. Plaintiff also testified that he retained defendant to file a mechanics' lien on the property owned by U–Haul to secure his claim against Coover. We find such evidence sufficient to establish that defendant's negligence in failing to file a mechanics' lien was the proximate cause of plaintiff's damage.

The testimony, if believed, indicates that plaintiff completed performance of the contract sometime in October 1984 and contacted defendant on October 26, 1984 regarding Coover's failure to pay on that contract. Plaintiff testified that he retained defendant to file a mechanics' lien. Had defendant filed a mechanics' lien within sixty days of any date in October, it is undisputed that plaintiff's claim against Coover would have been protected. That is, defendant's duty to file the lien on behalf of plaintiff arose October 26, 1984 and defendant's failure to file any lien at all subsequent to that date affirmatively establishes defendant's liability to plaintiff given the fact that plaintiff completed performance of the construction work sometime in October 1984.

Based on the foregoing, defendant's first assignment of error is overruled.

Having overruled both assignments of error, the judgment of the municipal court is affirmed.

*Judgment affirmed.*

REILLY and PEGGY L. BRYANT, JJ., concur.

---

1. Appellant did not raise, nor do we address or decide whether the value of the contract between plaintiff and Coover is an appropriate measure of plaintiff's injury resulting from defendant's failure to timely file the lien.