OPINION
Appellant Collier Zeigler appeals the decision of the Richland County Probate Court that dismissed his lawsuit based upon a claim of legal malpractice. The following facts give rise to this appeal.
This matter involves the estate of Noreen S. Boyle who died in 1989. At the time of her death, Ms. Boyle had a minor son, Appellant Collier Zeigler, and a minor daughter. The probate court appointed Attorney Ralph Bove as Administrator W.W.A. The probate court appointed Attorney Dane Arlen Bonecutter to represent appellant and act as his sole legal representative throughout these proceedings. Ms. Boyle's estate was eventually closed on December 7, 1994.
Thereafter, on March 30, 1998, appellant filed a complaint against Appellee Bove, in the Richland County Court of Common Pleas. Upon Appellee Bove's motion to dismiss, the trial court transferred appellant's complaint to the probate division. Appellant filed two motions for reconsideration, in the general division, requesting reconsideration of the transfer. The trial court overruled both motions. The probate division scheduled a hearing, in this matter, for June 30, 1998. At the hearing, appellant filed a motion to transfer the complaint back to the general division on the basis that his complaint was one for legal malpractice.
In a judgment entry issued on June 30, 1998, the trial court denied appellant's request to transfer the matter to the general division, retained jurisdiction, and dismissed appellant's complaint on the basis that appellee handled Ms. Boyle's estate as administrator W.W.A. and did not represent appellant.
Appellant timely filed his notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE PROBATE COURT COMMITTED REVERSIBLE ERROR WHEN IT IMPROPERLY DISMISSED APPELLANT'S CLAIM FOR LEGAL MALPRACTICE.
 II. THE PROBATE COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED APPELLANT'S MOTION TO TRANSFER AND IMPROPERLY MAINTAINED SUBJECT MATTER JURISDICTION OVER A LEGAL MALPRACTICE ACTION.
 III. THE PROBATE COURT COMMITTED REVERSIBLE ERROR WHEN IT DETERMINED APPELLEE'S MOTION TO DISMISS BASED ON EVIDENCE THAT WAS OUTSIDE THE SCOPE OF THE PLEADINGS.
 I
Appellant contends, in his first assignment of error, the trial court erred when it dismissed his complaint for legal malpractice. We disagree.
On a Civ.R. 12(B)(6) motion to dismiss, our standard of review is de novo. Greeley v. Miami Valley Maintenance Contrs.Inc. (1990), 49 Ohio St.3d 228, 229. A motion pursuant to Civ.R. 12(B)(6) is procedural and tests the sufficiency of the complaint.State ex rel. Hanson v. Guernsey Cty. Bd. Of Commrs. (1992),65 Ohio St.3d 545, 548. Under a de novo analysis, we must accept all factual allegations contained in the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. Byrd v. Faber (1991), 57 Ohio St.3d 56, 60. The movant may not rely on allegations or evidence outside the complaint.State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.
(1995), 72 Ohio St.3d 94, 96. Matters outside the pleadings are permissible only if the court treats the motion to dismiss as a motion for summary judgment. State ex rel. Scanlon v. Deters
(1989), 45 Ohio St.3d 376, 377. It is based upon this standard that we review appellant's first assignment of error.
Appellant filed his complaint on March 30, 1998. The complaint contained the following three sentences:
 1. The Defendant is being sued in his capacity as an attorney licensed to practice law in the State of Ohio.
 2. The Defendant was negligent in the handling of the Estate of Noreen S. Boyle, Deceased, of which the Plaintiff was a beneficiary.
 3. As a result of the negligence of the Defendant, the Plaintiff did not receive all of the benefits that he was entitled to from the Estate of Noreen S. Boyle, Deceased.
We find the above allegations, contained in appellant's complaint, are insufficient to assert a claim of legal malpractice. The elements of a legal malpractice claim are: (1) an attorney-client relationship giving rise to a duty; (2) a breach of that duty; and (3) damages proximately caused by the breach. Krahn v. Kinney (1989), 43 Ohio St.3d 103, 105; Howard v.Sweeney (1985), 27 Ohio App.3d 41, 43. Although we recognize the concept of "notice pleading" within Civ.R. 8(A), this rule still requires that a claim "* * * should concisely set forth only those operative facts sufficient to give `fair notice of the nature of the action * * *'" [Citations omitted.] Salamon v. TaftBroadcasting Co. (1984), 16 Ohio App.3d 336, 338.
The complaint, in the case sub judice, fails to meet the requirements of "notice pleading" under Civ.R. 8. First, appellant does not allege the existence of an attorney-client relationship that would give rise to a duty. The complaint merely states that appellee is an attorney licensed to practice in the State of Ohio and that he was negligent in the handling of the estate of Noreen Boyle, of which appellant was a beneficiary. Appellant does not allege that appellee represented him in this matter, he merely alleges that appellee was involved in the handling of this estate. Having failed to allege the existence of an attorney-client relationship, appellant was not able to allege a breach of that duty. Appellant also fails to set forth any facts on which his negligence claim is based. Appellant merely alleges appellee was negligent in the manner in which he handled the estate of Noreen Boyle. Finally, appellant fails to allege any facts upon which his claim of damages is based. Appellant merely states that he did not receive all of the benefits he was entitled to from the estate of Nora Boyle. Appellant does not indicate what other benefits he would have been entitled to had appellee allegedly not acted negligently.
Based upon the above, we find the trial court did not err when it dismissed appellant's complaint pursuant to Civ.R. 12(B)(6).
Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant maintains the probate court did not have subject matter jurisdiction over this matter. We disagree.
Appellant contends this matter should have been transferred to the general division of the Richland County Court of Common Pleas because the essence of his complaint was based upon a claim of legal malpractice. The trial court found that it had subject matter jurisdiction, over this matter, pursuant to R.C.2101.24(A)(1)(c) and (m). Judgment Entry, June 30, 1998, at 2. This statute provides, in pertinent part:
 (A)(1) Except as otherwise provided by law, the probate court has exclusive jurisdiction:
* * *
 (c) To direct and control the conduct and settle the accounts of executors and administrators and order the distribution of estates;
* * *
 (m) To direct and control the conduct of fiduciaries and settle their accounts;
The probate court found the allegations contained in the complaint to be nothing more than an attempt, by appellant, to vacate the final account approved by the probate court on December 7, 1994. Id. at 3. As such, the probate court determined that it had subject matter jurisdiction over this matter. We agree with the probate court's conclusion. Although appellant argues his complaint states a cause of action for legal malpractice, we found otherwise in the disposition of appellant's first assignment of error. Appellant is merely attempting to again attack the distribution of Noreen Boyle's estate, which he previously did by filing a motion to vacate final accounting and motion to reopen estate. The probate court overruled both of these motions on February 4, 1997. As noted by the probate court, in its judgment entry, appellant's latest filing is not only untimely but is also barred by res judicata. Id. Based upon the language of the complaint, we find the probate court had subject matter jurisdiction.
Appellant's second assignment of error is overruled.
 III
In his final assignment of error, appellant maintains the probate court improperly dismissed his complaint for legal malpractice because it considered evidence beyond the scope of the pleadings. We disagree.
Although the probate court may have considered evidence beyond the scope of the pleadings, which we agree is not permissible when considering a motion to dismiss pursuant to Civ.R. 12(B)(6), such conduct by the probate court resulted in harmless error. Upon de novo review of this matter, in appellant's first assignment of error, we found, based solely upon the allegations contained in appellant's complaint, that he failed to state a cause of action for legal malpractice. Therefore, even if the trial court dismissed appellant's malpractice claim based upon evidence beyond the scope of the pleadings, we find, upon de novo
review of the pleadings, the trial court would not have had to go beyond the scope of the pleadings to reach this result.
Appellant's third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Probate Division, Richland County, Ohio, is hereby affirmed.
By: Wise, J., Gwin, P. J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Probate Division, of Richland County, Ohio, is affirmed.