JOURNAL ENTRY AND OPINION
Plaintiff-appellant Robert Martin appeals pro se from summary judgment entered in favor of defendant-appellee Michael Dadisman, Esq. arising out of plaintiff's claim for legal malpractice. Plaintiff claims that the trial court erred in dismissing his action because it failed to appoint counsel since plaintiff was indigent and rejected plaintiff's own expert opinion respecting the defendant's negligence. We find no error and affirm.
The background of this case arises out of a suit originally filed pro se by plaintiff in the Court of Claims against the Ohio Department of Rehabilitation and Correction claiming injuries from exposure to second-hand smoke, asbestos, inadequate ventilation and food poisoning at the Marion Correctional Institution where plaintiff was incarcerated. Defendant Dadisman agreed to represent plaintiff in the action and presented his case which was dismissed by the magistrate hearing the matter at the Court of Claims in February 1997.
Plaintiff filed the instant complaint pro se on June 8, 1998, contending that defendant was liable for legal malpractice in handling the Court of Claims case. It was plaintiff's position that defendant's errors or omissions in handling the Court of Claims litigation were so obvious that it was not necessary that he provide an expert opinion showing defendant had breached the requisite standard of care. Plaintiff also proffered his own expert opinion, based on fifteen years as a paralegal, that defendant breached the standard of care. On defendant's motion, the trial court struck plaintiff's expert opinion and gave plaintiff ample opportunity to produce an expert report by an attorney to support his malpractice claims. Nevertheless, plaintiff failed to furnish such a report and the trial court granted defendant's motion for summary judgment for plaintiff's failure to support his claims with expert testimony. This timely appeal ensued. No appellee's brief has been filed.
Plaintiff's four assignments of error state as follows:
 I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REFUSED TO CONSIDER PLAINTIFF'S INDIGENT EXPERT AFFIDAVIT BASED UPON PERSONAL KNOWLEDGE TO BE READ PARI MATERIA WITH PLAINTIFF'S RENEWED MOTION FOR SUMMARY JUDGMENT, WHICH DENIES PLAINTIFF MEANINGFUL ACCESS TO THE COURTS TO REDRESS AN INJURY ARTICLE I, SECTION 16 OHIO CONSTITUTION.
 II. THE TRIAL COURT ERRED IN DENYING SUMMARY JUDGMENT IN FAVOR OF THE PLAINTIFF WHERE OPPOSING PARTY SUBMITTED NO EVIDENCE SHOWING HE DID NOT BREACH A DUTY OWED TO THE PLAINTIFF. CIVIL RULE 56(c), (e).
 III. A TRIAL COURT ABUSES ITS DISCRETION WHEN IT DENIES APPOINTMENT OF COUNSEL FOR AN INDIGENT WHEN THE INDIGENT'S RIGHT TO A MEANINGFUL TRIAL GUARANTEED UNDER THE 7TH AMENDMENT TO THE UNITED STATES CONSTITUTION WILL BE DENIED AND APPOINTMENT OF COUNSEL CAN ACT AS AN EXPERT WITNESS TO PREVENT DISMISSAL FROM A COURT ORDER TO FILE AN EXPERT REPORT OR SUFFER DISMISSAL.
 IV. A TRIAL COURT ABUSES ITS DISCRETION WHEN IT DOES NOT ENTERTAIN A REQUEST FOR DECLARATORY JUDGMENT.
We will address these together because the arguments supporting same are intermingled throughout plaintiff's pro se
brief.
Appellate review of summary judgments is de novo. Grafton v.Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105; Zemcik v. La PineTruck Sales Equipment (1998), 124 Ohio App.3d 581, 585. The Ohio Supreme Court recently restated the appropriate test in Zivich v.Mentor Soccer Club (1998), 82 Ohio St.3d 367, 369-70 as follows:
 Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp.
(1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274.
Once the moving party satisfies its burden, the nonmoving party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E).Mootispaw v. Eckstein (1996), 76 Ohio St.3d 383, 385. Doubts must be resolved in favor of the nonmoving party. Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356, 358-59.
The key issue in this appeal is whether the trial court properly granted summary judgment for the defendant because the plaintiff did not offer an expert report or testimony as to the proper standard of care in a legal malpractice claim. We addressed an almost identical situation in Rice v. Johnson (Aug. 26, 1993), Cuyahoga App. No. 63648, unreported, where the pro se plaintiff failed to produce an expert report and the trial court dismissed the case. In Rice we stated:
 It is elementary that, except in unusual circumstances, an action in legal malpractice may not be maintained without expert testimony that supports the plaintiff's theory that his attorney failed to exercise the standard of care ordinarily exercised by attorneys in handling the matter in question. The essence of this principle was recently recited by this Court in Harrell v. Crystal (1992), 81 Ohio App.3d 515, 525, as follows:
 The court is [sic] Minick v. Callahan (App. 1980), 24 O.O.3d 104, at syllabus by the editor, held that:
 In order to establish a claim of legal malpractice based on an alleged failure to exercise the knowledge, skill and ability ordinarily possessed and exercised by members of the legal profession similarly situated, expert testimony is necessary to establish such standards. If plaintiff fails to introduce such testimony, the defendant attorney is entitled to a directed verdict. See, also, Bloom v. Dieckmann (1983), 11 Ohio App.3d 202, 11 OBR 298, 464 N.E.2d 187; Howard v. Sweeney (1985), 27 Ohio App.3d 41, 27 OBR 43, 499 N.E.2d 383; Gibbons v. Price (1986), 33 Ohio App.3d 4, 514 N.E.2d 127.
 The trial court herein explained this to plaintiff in detail at the April 3 hearing, stating that, without an expert qualified to testify that Ms. Johnson had committed legal malpractice, plaintiff had no legal basis to proceed with his claim. (Tr. pp. 28, 31, 32). A prelude to that was the requirement that he produce an expert report supporting his claims.
These principles were reaffirmed and followed in Murphy v.Redeker (Jan. 16, 1997), Cuyahoga App. No. 70868, unreported at 2.
Plaintiff nevertheless argues that as a paralegal of fifteen years practice he is entirely familiar with defendant's deficiencies and his own expert opinion is sufficient to forestall summary judgment.
We cannot agree. We faced a similar argument in Rice, supra
and overruled that contention, stating as follows:
 Plaintiff argues that his Motion for Summary Judgment was the equivalent of an expert report (p. 23) and that he was his own expert on the matters that transpired in the divorce proceedings. He further argues (pp. 24-29) that expert evidence was unnecessary because even a layman could have determined that Ms. Johnson was guilty of malpractice. (pp. 29-30). The answer to the first two points is: plaintiff may well be an expert in his own divorce proceeding in the sense that every litigant knows more about his own case than somebody else. But it is nevertheless necessary that an expert know and apply the standard of care customarily required of an attorney in the community based on skill, learning, experience, practice and training involving more than a single case. Expert testimony is required so that the trier of fact does not have to speculate on the standard of care, particularly in a complex case involving [domestic relations matters] which are normally not within the realm of understanding of the layman. Northwestern Life Ins. Co. v. Rogers (1989), 61 Ohio App.3d 506, 512. Plaintiff cannot meet these requirements. The trial court did not err in refusing to allow plaintiff to be his own expert.
Plaintiff also argues that the trial court erred in not appointing counsel to represent him in this civil case because he is incarcerated and is indigent. Plaintiff has no constitutional right to appointment of counsel in civil cases — indigent or not.State ex rel Jenkins v. Stern (1987), 33 Ohio St.3d 108, 110;Johnson v. Morris (1995), 108 Ohio App.3d 343; Smith v. Dept. ofRehab. Corr. (1995), 104 Ohio App.3d 210, 214; Perotti v. OhioDept. of Rehab. Corr. (1989), 61 Ohio App.3d 86, citing Lassiterv. Dept. of Social Svcs. (1981), 452 U.S. 18. We find no merit to this contention. Ray v. Mays Garage (Feb. 27, 1997), Cuyahoga App. No. 70459, unreported.
Although plaintiff assigns error in the court's failure to enter a declaratory judgment in his favor, we find no allegations in his complaint raising declaratory judgment issues.
Accordingly, Assignments of Error I, II, III and IV are overruled.
It is ordered that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., and MICHAEL J. CORRIGAN, J., CONCUR.
 ______________________ JAMES M. PORTER, JUDGE