[Cite as *Millican v. Albrechta & Coble, Ltd.*, 2018-Ohio-776.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Patrick R. Millican                                    Court of Appeals No. L-17-1091

  Appellant                                            Trial Court No. CI0201602035

v.

Albrechta & Coble, Ltd., et al.                        **DECISION AND JUDGMENT**

  Appellees                                            Decided:  March 2, 2018

* * * * *

Patrick R. Millican, for appellant.

Joseph F. Albrechta, John A. Coble, and George J. Schrader,
for appellees.

* * * * *

**JENSEN, J.**

{¶ 1} Appellant, Patrick A. Millican, appeals from the March 27, 2017 judgment of the Lucas County Court of Common Pleas granting summary judgment in favor of appellees, Albrechta & Coble, Ltd., et al.  For the reasons that follow, we affirm the judgment.

**Assignments of Error**

{¶ 2} Appellant sets forth the following assignments of error:

1. THE TRIAL COURT ERRED IN FINDING THE AFFIDAVIT OF STERN CONTAINED NO FACTUAL SUPPORT FOR HIS OPINIONS.

2. THE TRIAL COURT ERRED IN FINDING THE DISPOSITIVE QUESTION IN THE CASE TO BE WHETHER THE DEFENDANTS' DUTY TO PLAINTIFF REQUIRED THEM TO TAKE AFFIRMATIVE ACTION TO ENSURE THAT THE WARRANT WAS REMOVED FROM THE SHERIFF DEPARTMENT'S COMPUTER SYSTEM.

3. THE TRIAL COURT ERRED IN NOT FINDING THAT THE DEFENDANTS OWED MILLICAN A DUTY TO MAKE TRUTHFUL REPRESENTATIONS AND A DUTY TO DISCLOSE ANY AND ALL INFORMATION MATERIAL TO THE LEGAL REPRESENTATION.

4. THE TRIAL COURT ERRED IN FINDING THAT MILLICAN DID NOT EMPLOY THE DEFENDANTS TO HAVE THE CONTEMPT FINDING SET ASIDE AND TO GET THE WARRANT AND BODY ATTACHMENT WITHDRAWN SO THAT THE (sic) HE COULD NOT BE ARRESTED ON IT.

5. THE TRIAL COURT ERRED IN FINDING THAT THE AFFIDAVIT OF GEOFFREY STERN RAISED NO MATERIAL

QUESTION OF FACT THAT (sic) AND OFFERED NO COMPETENT, ADMISSIBLE EVIDENCE THAT DEFENDANTS BREACHED A PROFESSIONAL DUTY.

6. THE TRIAL COURT ERRED IN FINDING THAT THE FACTUAL DISPUTES CONTAINED IN MILLICAN'S AFFIDAVIT ARE IMMATERIAL TO THE DETERMINATION OF MILLICAN'S CLAIMS.

7. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE DEFENDANTS.

## Background

{¶ 3} This matter arises out of a case in which appellant failed to appear for a debtor's exam and show cause hearing and, as a result, was found in contempt of court. An order for warrant and body attachment was issued against him.

{¶ 4} Appellant sought legal services from appellees in connection with the matter. On July 26, 2013, appellant and appellees executed a representation agreement for limited services, in which it states: "I hereby agree to employ ALBRECHTA & COBLE, LTD. as the attorneys to represent me as follows: Limited Representation re: Contempt and Body Attachment in Lucas County Common Pleas Court Case No. LN0201301651."

{¶ 5} The agreement was otherwise a form contract that did not state more regarding the specific services for which appellees were hired. Appellant alleged his

3.

understanding was appellees were hired to get the warrant withdrawn and contempt finding vacated, so that he could not later be arrested. Appellees contended their relationship with appellant was limited to only getting an order from the court releasing the warrant and vacating the contempt finding.

{¶ 6} On August 21, 2013, appellant called appellees regarding a scheduled hearing in the case, and also to address whether the warrant and body attachment order had been released. Appellees informed appellant that the hearing was vacated, and to not worry because he could no longer be arrested where the warrant was ordered released by court order. However, the sheriff apparently failed to withdraw the warrant. Without forewarning or knowledge, appellant was arrested on July 2, 2014.

{¶ 7} Appellant filed a complaint against appellees for legal malpractice, among others, in August 2014. Appellant voluntarily dismissed the complaint in March 2015, and timely refiled in March 2016.

{¶ 8} Appellees eventually filed for summary judgment in two separate motions. In the first motion, appellees argued that appellant lacked standing to assert the legal malpractice claim against them within his original August 2014 complaint. Appellees argued the cause of action was property of the bankruptcy estate and only the trustee had standing to bring the malpractice claim. Appellees argued this resulted in a failure to invoke the court's jurisdiction and, therefore, appellant's original complaint was a nullity and the claims asserted would be rendered untimely. Appellant argued in response that only pre-bankruptcy petition claims belong to the bankruptcy estate. The trial court

4.

agreed with appellant's position and denied appellees' first motion for summary judgment.

{¶ 9} In the second motion for summary judgment, appellees argued there was no duty or, in the alternative, no proximate causation based on their actions or omissions. The lack of a duty was asserted because appellees argued their representation was limited due to the "extremely narrow issue" for which they were hired. Appellees argued they "successfully accomplished all objectives involved in their limited representation." The lack of proximate cause was argued because appellees asserted that an unforeseen, intervening cause occurred at the administrative level where the sheriff's office failed to release the warrant after the court ordered it.

{¶ 10} Appellant responded and submitted three affidavits to support his opposition to appellees' second motion for summary judgment. First was an affidavit from expert-witness, attorney Geoffrey Stern, in which Stern stated his opinion that appellees breached a duty owed to appellant. Second was an affidavit from appellant's friend, Jeffrey Truckor, in which Truckor explained the circumstances of appellant's arrest and how he witnessed appellant suffer as a result of the arrest. Third was appellant's own affidavit. In pertinent part, it reflects his understanding of the agreement and his version of the circumstances surrounding the legal services appellees allegedly failed to competently provide.

{¶ 11} The trial court stated that the dispositive question was "whether [appellees]' duty pursuant to the attorney-client relationship and the applicable standard

5.

of care, required them to take affirmative action in order to ensure that the Warrant and Body Attachment had been taken out of the Sheriff Department's computer system." In addressing this question, the court found appellees had not breached a duty imposed upon them by their relationship with appellant and, therefore, appellees' second motion for summary judgment was found well-taken. An entry was journalized March 27, 2017, and appellant now timely appeals from that judgment.

## Standard of Review

{¶ 12} When reviewing a trial court's summary judgment decision, the appellate court conducts a de novo review. *See Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996 Ohio 336, 671 N.E.2d 241 (1996). "De Novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial." *Brewer v. Cleveland City Schools Bd. of Edn.*, 122 Ohio App.3d 378, 383, 701 N.E.2d 1023 (8th Dist.1997). *See also* Civ.R. 56(C). *Accord Lopez v. Home Depot*, USA, Inc., 6th Dist. Lucas No. L-02-1248, 2003-Ohio-2132, ¶ 7.

## Assignments of Error

{¶ 13} In his assignments of error, appellant essentially asserts there are genuine issues of material fact as to whether appellees committed legal malpractice to his detriment. Accordingly, we will treat appellant's assigned errors as one assigned error that the trial court erred in awarding summary judgment.

6.

**{¶ 14}** Appellees counter arguing that appellant failed to put forth evidence to support his malpractice claim, and that appellant had no standing to continue the action below due to filing for bankruptcy.

**{¶ 15}** The elements of legal malpractice are: "(1) the attorney owed a duty or an obligation to the plaintiff; (2) there was a breach of that duty or obligation and the attorney failed to conform to the standard required by law; and (3) there is a causal connection between the conduct complained of and the resulting damage or loss." *Van Sommeren v. Gibson*, 6th Dist. No. L-12-1144, 2013-Ohio-2602, ¶ 23.

**{¶ 16}** "The duty of an attorney to his client is to exercise the knowledge, skill, and ability ordinarily possessed and exercised by members of the legal profession similarly situated, and to be ordinarily and reasonably diligent, careful, and prudent in discharging the duties he has assumed." *Palmer v. Westmeyer*, 48 Ohio App.3d 296, 298, 549 N.E.2d 1202 (6th Dist.1988). "[T]he practice of law is not limited to the conduct of cases in court and has indicated that advice to clients and action taken for them in matters connected with the law may constitute the practice of law where a fee is paid for such advice and action." *In re Unauthorized Practice of Law*, 175 Ohio St. 149, 151, 192 N.E.2d 54 (1963).

**{¶ 17}** Here, the record reveals that a limited representation agreement existed between the parties, and that appellees were retained to represent appellant in the matter related to the contempt sanction and warrant. Appellant's affidavit specifically states:

7.

4. I entered into an AGREEMENT OF REPRESENTATION (hereinafter the "AGREEMENT") with the Defendants on July 26, 2013, a true and corrected copy of which is attached hereto as plaintiff's Exhibit 1 and incorporated herein.

5. The Defendants agreed to provide limited representation to me in the case captioned Robinson v. Millican, Lucas County Common Pleas Court Case No. LN0201301651.

6. The Defendants were paid the stated contract fee of $2000 in cash on July 26, 2013, and I performed all of my obligations under the AGREEMENT. * * *

{¶ 18} Our review of the representation agreement in the record confirms appellees were hired to resolve and represent appellant by taking action in matters connected with and related to the "Contempt and Body Attachment in Lucas County Common Pleas Court Case No. LN0201301651." Nevertheless, even viewing the evidence strongly in favor of appellant, we find appellees satisfied the duties for which they were hired.

{¶ 19} More specifically, appellees sought a court order to remove the contempt sanction and warrant issued against appellant. Appellees were successful, and the trial court ordered the warrant removed in August 2013. This order was in the record and referred to in appellant's affidavit. Based on our review, there was a failure at the administrative level after the court order was issued, and we note defense counsel are not

8.

charged with communicating court orders to the sheriff's office. We, accordingly, find it was not appellees' duty to remove the warrant from the sheriff's computer system. Appellant's argument to the contrary is meritless.

{¶ 20} Furthermore, we find it reasonable as a matter of law for appellees, as attorneys, to rely on a court order issued to compel the sheriff to act. This counters appellant's argument that appellees' alleged, faulty legal advice with respect to whether he could be arrested was a failure to provide competent legal services. With respect to that argument, appellant's affidavit in relevant part states:

19. On August 21, 2013, I telephoned Defendant Coble because he ha[d] not contacted me about the hearing to be held the next day at 10:00 a.m. in the case.

20. Mr. Coble told me that the hearing was not going to be held and that I did [not] need to appear in Court.

21. I asked Mr. Coble if the warrant and body attachment (that the Court had vacated in Exhibit G) had been removed from the Lucas County Sheriff's Department's computer system and Mr. Coble told me that they had been removed from the system.

22. At that time, Mr. Coble also told me that I could no longer be arrested on the warrant and body attachment and that [I] had nothing further to worry about concerning the warrant and body attachment.

23. I believed Mr. Coble and relied on those statements.

9.

**{¶ 21}** A "duty of reasonable and ordinary care is breached by the attorney's 'failure to provide competent legal services.'" *See Stoklosa v. McGill*, 6th Dist. Lucas No. L-91-028, 1992 Ohio App. LEXIS 728, *8 (Feb. 21, 1992), quoting *Howard v. Sweeney*, 27 Ohio App.3d 41, 43, 499 N.E.2d 383 (8th Dist.1985).

**{¶ 22}** To support that a breach occurred, appellant offered expert testimony through the affidavit of attorney Geoffrey Stern, which reflected as such:

20. In their failure to check on the status of the warrant and body attachment, which would have involved perhaps a few minutes of attorney time, Defendants acted without the requisite competence and capability, which, as noted above, is a breach of Rule 1.1 that in turn leads to a conclusion of a breach of standard of care.

21. Accordingly, it is my opinion that Defendants lacked the knowledge, legal skills, character, and capability to competently carry out the representation of Plaintiff. * * *

31. Accordingly, it is my opinion that the Defendants in this case breached the standard of care owed to Plaintiff as articulated and reflected in the authority of the Ohio Rules of Professional Conduct and its Comments, and case authority. I reach this decision to a reasonable degree of legal certainty. * * *

**{¶ 23}** Nevertheless, even accepting appellant's claim that he relied on appellees' legal advice to his detriment, because we find it is reasonable for appellees to have relied

10.

on the court order for that advice, we cannot say the advice in itself breached the applicable standard of care. We accordingly reject the merit of attorney Stern's affidavit and opinion as a matter of law. Further, we note that we otherwise find nothing in the record to suggest appellees failed to provide competent legal services. Consequently, we decline to address any other argument and affirm the trial court's disposing of appellant's claim for legal malpractice because, even viewing the evidence most strongly in his favor, there remains no potential dispute of material fact and judgment in favor of appellees is appropriate as a matter of law.

## Conclusion

{¶ 24} The judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.  
_____  
JUDGE  

Thomas J. Osowik, J.  

James D. Jensen, J.  
CONCUR.  
_____  
JUDGE  

_____  
JUDGE