PETERSEN, IBOLD & WANTZ, Appellee,

v.

WHITING, n.k.a. LENDVAY, Appellant.

[Cite as *Petersen, Ibold & Wantz v. Whiting* (1996), 109 Ohio App.3d 738.]

Court of Appeals of Ohio,
Eleventh District, Geauga County.

No. 95–G–1910.

Decided March 11, 1996.

*Reminger & Reminger Co., L.P.A.,* and *Nicholas D. Satullo; Petersen, Ibold & Wantz* and *David M. King,* for appellee.

*John S. Nelson,* for appellant.

CHRISTLEY, Presiding Judge.

This appeal emanates from a final order of the Geauga County Court of Common Pleas. Appellant, Margaret Whiting, n.k.a. Lendvay, seeks the reversal of the trial court's decision to grant summary judgment in favor of appellee, Petersen, Ibold & Wantz, as to her sole counterclaim.

Appellant was married to Sam Whiting on November 11, 1967. During their twenty-two year marriage, Sam Whiting was employed as a truck driver and was the sole provider for the family, which consisted of appellant and one minor child, born on January 29, 1975. As part of his employment compensation, Sam Whiting received an interest in a pension plan.

The Whitings' marital home was located in Chesterland, Ohio. Prior to the marriage, Sam Whiting had already owned a small percentage of the home. He then purchased the remaining interest in the home after the beginning of the marriage; in doing so, however, he used premarital funds.

In 1988, appellant hired appellee to represent her in a divorce proceeding brought in the Geauga County Court of Common Pleas. In May 1989, this

proceeding concluded with the entry of the final divorce decree. In addition to granting a divorce in favor of Sam Whiting on the basis of gross neglect of duty, the decree contained the following three provisions: (1) consistent with certain stipulations by the parties, no spousal support was awarded to appellant; (2) appellant's interest in the marital residence was awarded to Sam Whiting; and (3) appellant was awarded a one-quarter interest in the pension plan, which portion consisted of monthly payments of $219.24.

Nearly sixteen months after the divorce proceeding had ended, on September 10, 1990, appellee initiated the instant action against appellant in Chardon Municipal Court. In its complaint, appellee alleged that appellant had not paid all of the attorney fees which she owed as a result of the representation during the divorce proceeding.

In answering the complaint on February 8, 1991, appellant asserted a counterclaim against appellee, alleging that the attorney who had represented her in the prior action had committed legal malpractice.[1] In her original answer, appellant prayed for compensatory damages of only $5,000. However, in her amended answer, she sought relief totaling $50,000. As a result, the entire action was later transferred from Chardon Municipal Court to the Geauga County Court of Common Pleas.

After the parties had engaged in discovery, appellee moved for summary judgment as to appellant's counterclaim. As the basis for this motion, appellee argued that appellant had not been able to present any evidence in her discovery responses which indicated that appellee had been negligent in its representation of her in the divorce proceeding.

In support of its argument, appellee referred to the deposition of appellant's expert witness. Appellee also attached to its motion the affidavit of Patricia J. Schraff, the specific attorney who represented appellant in the prior action.

In her response to appellee's motion, appellant argued that appellee's representation had been negligent in three respects. First, she alleged that her attorney had failed to present any argument or evidence showing that she should have been entitled to receive spousal support. Second, she asserted that her attorney had failed to present any evidence showing that she had performed work on the marital residence, so that the divorce court would have granted her an interest in

---

1. There is nothing in the record before us which would indicate that appellee ever raised the defense of the statute of limitations in relation to the counterclaim. As the statute of limitations is considered an affirmative defense, appellee's failure to raise it constituted a waiver of the issue. As an aside, this court would further note that, even if the defense had been properly raised and found meritorious, appellant still could have asserted the alleged legal malpractice as a defense to appellee's claim. See *Riley v. Montgomery* (1984), 11 Ohio St.3d 75, 11 OBR 319, 463 N.E.2d 1246.

the residence. Third, she maintained that her attorney had failed to present any arguments showing that she was entitled to a larger percentage of the pension plan.

In support of her arguments, appellant presented her own affidavit, the affidavit of a local divorce attorney, and the affidavit of a pension expert.

Upon considering the parties' briefs, the trial court issued its decision granting the summary judgment motion as to appellant's counterclaim. As part of this decision, the court expressly held that appellant's evidentiary materials had been insufficient to raise an issue of fact as to whether the attorney representing appellant had acted negligently. The court further held that appellant had failed to show that she had suffered any damages as a result of the alleged negligence.

After judgment on the counterclaim had been entered, appellee filed a notice of dismissal of its complaint. This notice was approved by the trial court.

In appealing the summary judgment decision, appellant has assigned the following as error:

"The trial court erred to the prejudice of defendant-appellant in granting plaintiff-appellee's motion for summary judgment and entering judgment so ruling and dismissing defendant-appellant's counterclaim."

In maintaining that the trial court erred in granting summary judgment as to her counterclaim, appellant essentially argues that her evidentiary materials were sufficient to raise a factual dispute concerning whether her attorney had been negligent in the three respects cited in her response to appellee's motion. For the following reasons, this court concludes that this argument is not well taken as to each of the three issues raised by appellant.

The standard for determining a motion for summary judgment is set forth in Civ.R. 56(C). In applying this rule, this court has stated:

"The standard for determining a motion for summary judgment is well-established under the case law of this state. In order to prevail, the moving party must demonstrate that: (1) there is no genuine issue of fact; (2) the moving party is entitled to judgment as a matter of law; and (3) the evidence is such that reasonable minds could only reach one conclusion, which would be adverse to the non-moving party. *Welco Industries, Inc. v. Applied Cos.* (1993), 67 Ohio St.3d 344 [617 N.E.2d 1129]. In applying this basic standard, this court has further held that in responding to a motion made by the defendant in an action, the plaintiff must submit evidentiary materials as to each of the issues upon which he would have the burden of proof at trial. See *Bade v. General Motors Corp.* (Dec. 20, 1991), Geauga App. No. 90–G–1599, unreported, at 10 [1991 WL 274499], citing *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108 [570 N.E.2d

1095]." *Pasqualone v. Strauss* (Dec. 17, 1993), Lake App. No. 92–L–174, unreported, at 7, 1993 WL 548468.

Accordingly, in responding to appellee's motion for summary judgment, appellant was required to present evidentiary materials as to each of the elements in a claim for legal malpractice. Specifically, appellant was required to demonstrate (1) the existence of the attorney-client relationship, (2) a breach of the attorney's duty to competently represent the client, and (3) damages proximately caused by the breach. *Campbell v. Elsass* (1989), 62 Ohio App.3d 829, 834, 577 N.E.2d 699, 701–702.

As was noted, appellant argued in her response to the summary judgment motion that the representation in the divorce proceeding had been deficient in three respects. First, she argued that her attorney should have moved for an award of spousal support in her favor.

In support of this argument, appellant relied solely upon the affidavit of her legal expert, who was a local divorce attorney. As part of the affidavit, this expert averred that, in his opinion, the divorce decree had not given appellant sufficient funds upon which to live, *i.e.*, that appellant needed additional funds per month in order for her to maintain her standard of living. The expert also stated that it was his "understanding" that certain evidence could have been presented which would have shown appellant's "lack of preparation to support herself independently, her years of marriage, of motherhood and of being a homemaker."

However, in making the foregoing statements, the expert did not state what specific evidence could have been given to establish, for example, that appellant was not prepared to support herself independently. Nor did he ever address the issue of Sam Whiting's ability to pay. Moreover, no specific reference to this alleged evidence was made in any of appellant's other evidentiary materials. Thus, the expert's statement was merely a conclusory averment which was not supported by any underlying facts, and which obviously was not based on personal knowledge of the underlying operative facts.

Further, the prejudice resulting from any failure in this regard was never put forth with any degree of certainty.

As a general proposition, this court has held that a conclusory averment in an affidavit is not sufficient to raise a factual dispute in a summary judgment exercise. See *Wilson v. Lynch & Lynch Co., L.P.A.* (1994), 99 Ohio App.3d 760, 769, 651 N.E.2d 1328, 1333–1334; *Keycorp. Mtge., Inc. v. Shimp* (Sept. 22, 1995), Portage App. No. 94–P–0073, unreported. Thus, since appellant failed to show what evidence appellee could have presented to show her entitlement to spousal support, her evidentiary materials were insufficient to establish a breach of duty as to this particular issue.

■ The second argument raised by appellant concerned the marital residence. She asserted that the divorce court might have awarded her more money if her attorney had shown that she had performed certain services which increased the value of the property, *i.e.*, she asserted that her attorney should have shown that the increase in value was not solely attributable to appreciation due to the market.

As with the alimony issue, appellant relied solely upon the affidavit of her legal expert. As to the alleged evidence which would have demonstrated that appellant had performed certain services, the averments of the expert were more exact than what they were in relation to the alimony issue. The expert stated that it was his "understanding" that evidence could have been presented establishing that she had helped to "make some modest improvements to the landscaping, room division, decoration on room division, etc. of the marital residence."

The expert's statement, that he understood that such evidence existed, again raises the inference that he did not have personal knowledge of this evidence, but had been told of its existence. Under these circumstances, the expert was not competent to testify as to the existence of this evidence. The expert would only have been qualified to opine that "if such evidence had been available and the attorney had failed to present it, it would constitute negligence." Moreover, there is no reference in any of the other evidentiary materials to this alleged evidence. Thus, once again, there was no testimony that such evidence existed or that it would be persuasive enough to have made a difference to the divorce court.

Even more compelling is the divorce decree itself, which indicated that this issue had, indeed, been raised, considered, and rejected by the court in the divorce action.

■ However, even if this court were to assume that the expert's statement sufficed to establish the existence of the evidence showing appellant's work on the residence, we would note that no opinion, expert or otherwise, was set forth in appellant's evidentiary materials as to the value of this work, *i.e.*, she did not show that the alleged negligence had resulted in any damages.

Thus, since appellant failed to raise a factual dispute as to whether she sustained any loss as a result of appellee's alleged failure to present evidence on her work, summary judgment was appropriate as to the marital residence issue.

■ The final issue raised by appellant concerned the pension plan. Appellant argued that her attorney failed to properly research this particular issue by not obtaining the records of Sam Whiting's payments to the pension fund. She further argued that her attorney failed to consider the possibility that her percentage of interest should have been calculated in a different manner from what was used in the divorce decree.

A review of the divorce decree indicates that appellee was awarded a one-quarter interest in Sam Whiting's pension. In their evidentiary materials, the parties to this action agreed that this calculation was predicated upon the fact that one-half of the entire pension had become vested prior to the marriage; accordingly, appellant was only entitled to one-half of the one-half interest which had vested during the marriage.

In moving for summary judgment as to the pension issue, appellee maintained that the attorney who had worked on the divorce proceeding in 1989 had not been negligent because the calculation of the one-quarter interest had been consistent with the case law of this state. Specifically, appellee cited *Hoyt v. Hoyt* (1990), 53 Ohio St.3d 177, 182, 559 N.E.2d 1292, 1297–1298, for the proposition that the value of a wife's interest in the husband's pension is "determined by computing the ratio of the number of years of employment of the employed spouse during the marriage to the total years of his or her employment."

As to this point, this court would note that more current decisions of the courts of this state have held that *Hoyt* did not set forth the only method for calculating a wife's interest in her husband's pension. In *Green v. Green* (Mar. 30, 1995), Franklin App. No. 94APF07–1088, unreported, 1995 WL 141199, the Tenth Appellate District emphasized that prior to setting forth the foregoing ratio, the *Hoyt* court specifically stated that the distribution of a pension was a matter within the sound discretion of the trial court and that the court could consider the particular circumstances in each case, including the terms of the pension plan, in determining the distribution.

Based upon this, the *Green* court held that the trial court in that case had not erred in not using the *Hoyt* ratio, instead using a ratio of the husband's contributions to the plan during the marriage over the total contributions.

Without commenting upon the merits of the *Green* decision, this court notes that the fact that other methods of computation have subsequently been recognized as acceptable does not establish, in and of itself, that appellant's attorney was negligent for not employing the new method in 1989. By citing *Hoyt*, appellee showed that the method of computation used in the divorce proceeding was an acceptable method in 1989, since the *Hoyt* court cited that method with approval less than fifteen months after the divorce decree was rendered. Accordingly, the issue becomes whether appellant presented any evidentiary materials showing that as of 1989 there were other acceptable methods of computation which the attorney should have applied to the facts of the divorce case.

As part of her evidentiary records, appellant presented the affidavit of a pension expert. In addition to stating his credentials, this expert averred that, in reviewing the records of Sam Whiting's pension plan, he had noted that Whiting had made larger contributions during the marriage than before the marriage. In

addition, this expert averred that as a result of the greater contribution during the marriage, appellant would be entitled to approximately forty percent of the total pension.

Based upon the foregoing averments, appellant's other expert, the local divorce attorney, stated in his affidavit that, in his opinion, appellee had acted negligently in failing to obtain the records upon which the pension expert had relied. The legal expert further opined that appellee had acted negligently in not basing its arguments in favor of appellant upon the pension records.

What was noticeably absent from both experts' opinions was a statement as to whether the method of computation employed by appellant's attorney in 1989 was a departure from accepted and commonly used methods. Further, it was apparent that this divorce involved limited assets. While appellant now finds it worthwhile to expend those limited resources, there is no indication that she was willing to pay for the services of an expert at the time.

There is no doubt that a litigant with the financial resources to procure expert opinions will enjoy a more advantageous position in the courtroom; however, that does not correlate with the position of the majority of domestic relations litigants who want to dispose of their case with the least possible out-of-pocket expense.

Even when appellant's evidentiary materials are construed in a light most favorable to her, they can only be interpreted to set forth the opinion that the expert felt that the attorney in the divorce proceeding did not use the method of computation which is *now* considered to be a better method than the one actually employed. The materials simply did not address the issues of (1) whether the new method was recognized and commonly used in 1989 and (2) whether, as of 1989, the method actually used was below the commonly accepted method of practice.

As a general proposition, the courts of this state have concluded that an attorney cannot be held liable for failing to know and assert a rule of law when the state of the law as to that point is debatable or doubtful. *Holley v. Massie* (1995), 100 Ohio App.3d 760, 654 N.E.2d 1293; *Howard v. Sweeney* (1985), 27 Ohio App.3d 41, 27 OBR 43, 499 N.E.2d 383. In this case, appellant failed to raise a factual dispute concerning whether the state of the law was such that the attorney's failure to use the new method of computation indicated that her actions fell below the standard of a competent attorney. Accordingly, since appellant did not establish a breach of duty by the attorney, summary judgment was appropriate as to the pension issue.

Taken as a whole, the averments of both experts were insufficient to raise a factual dispute as to the "breach of duty" element of the claim of legal malpractice. Thus, as the trial court did not err in granting summary judgment as to

each of the three issues raised by appellant, her sole assignment of error is lacking in merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

JOSEPH E. MAHONEY and NADER, JJ., concur.