[Cite as *Schuster v. Durrani*, 2020-Ohio-3789.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

RONALD SCHUSTER,                          :          APPEAL NO. C-180687
                                                     TRIAL NO. A-1506303
    Plaintiff-Appellant,              :
                                                     *O P I N I O N.*
  vs.                                     :

ABUBAKAR ATIQ DURRANI, M.D.,               :

CENTER FOR ADVANCED SPINE                  :
TECHNOLOGIES, INC.,
                                           :
WEST CHESTER HOSPITAL, LLC,
                                           :
  and
                                           :
UC HEALTH,

    Defendants-Appellees.             :


Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal: July 22, 2020


*Robert A. Winter, Jr.*, and *The Deters Law Firm, P.S.C.*, and *Benjamin M. Maraan, II*, for Plaintiff-Appellant,

*Taft Stettinius & Hollister LLP*, *Russell S. Sayre*, *Aaron M. Herzog* and *Philip D. Williamson*, for Defendants-Appellees.

**Mock, Presiding Judge.**

{¶1}     The trial court improperly determined that the medical claims in this case were untimely filed because the saving statute can be invoked in conjunction with the statute of repose to allow for the timely refiling of a complaint within one year of the voluntary dismissal of a complaint filed within the statute of repose.  For the reasons below, we reverse the trial court's judgment.

### Claim of Botched Surgery Results in Litigation

{¶2}     Plaintiff-appellant Ronald Schuster visited defendant-appellee Abubakar Atiq Durrani to seek treatment for his back pain following a 2009 injury.  Durrani performed surgery on Schuster on December 8, 2010.  Schuster eventually sued Durrani, as well as defendants-appellees Center for Advanced Spine Technologies, Inc., West Chester Hospital, LLC, and UC Health (hereinafter "appellees"), for claims arising from that surgery.  The complaint was originally filed in the Butler County Court of Common Pleas on April 9, 2013.  That complaint was voluntarily dismissed in December 2014 pursuant to Civ.R. 41(A).  Schuster then refiled the suit below on November 19, 2015.

{¶3}     Appellees filed a motion to dismiss the complaint pursuant to Civ.R. 12(C).  Appellees claimed that the refiled suit was untimely as the statute of repose had expired.  Schuster argued that the suit was timely filed because the suit had been refiled within one year of the prior dismissal, and such refiling is permitted pursuant to R.C. 2305.19(A).  The trial court dismissed the refiled complaint and denied a pending request by Schuster to amend his complaint.

{¶4}     In two assignments of error, Schuster now appeals.  Schuster first makes a number of arguments in support of his assertion that the trial court improperly dismissed his refiled complaint.  In the second assignment of error, Schuster claims that the trial court improperly denied his request to amend his

2

complaint. We will address the arguments within the first assignment of error in the order they were presented.

**The Claims Made Were**
**Medical Claims**

{¶5} In his first argument, Schuster contends that his claims against Durrani were based on nonmedical fraud allegations because Durrani "lied to [Plaintiff] about the need for surgery. They lied again about the true state of [Plaintiff's] post-surgery conditions and [his progress]."

{¶6} This court has already addressed the question of whether fraud claims alleged by Durrani patients are medical. As we have recently stated,

In *Freeman* [*v. Durrani*, 2019-Ohio-3643, 144 N.E.3d 1067 (1st Dist.)], * * * we explained that fraud claims relating to treatment fall under the broad umbrella of "medical claim" as defined in R.C. 2305.113. R.C. 2305.113(E)(3) defines medical claims as "[c]laims that arise out of the medical diagnosis, care, or treatment of any person" and "[d]erivative claims for relief that arise from the medical diagnosis, care, or treatment of a person[.]" We traced the history of this provision and applied it against the backdrop of our prior cases addressing similar issues.

Messrs. Arnold and McNeal attempt to distinguish their fraud claims from medical claims by positing that the decision to misstate the facts was not "medical in nature." But such an exception would swallow the rule, as we recognized in *Freeman*. Just as in *Freeman*, these plaintiffs' "fraud allegations echo the statutory definition of 'medical claim' under R.C. 2305.113(E)(3)." Here, both plaintiffs' complaints framed the alleged fraud claims in terms of their

3

treatment: "Dr. Durrani made material, false representations to Plaintiffs * * * related to Plaintiff's treatment including: stating the surgeries were necessary, that [he] 'could fix' Plaintiff[.]" Despite their current portrayal of the fraud claims as independent, nonmedical claims, we ultimately find that "[c]lever pleading cannot transform what are in essence medical claims into claims for fraud." Thus, the fraud claims raised here constitute "medical claims" for purposes of the statute of repose.

(Citations omitted.) *McNeal v. Durrani*, 2019-Ohio-5351, 138 N.E.3d 1231, ¶ 17-18 (1st Dist.). Schuster has not presented a reason to deviate from this determination, and we declined to do so.

### Date of Surgery Used
### To Compute Statute of Repose

{¶7}    In his second argument, Schuster claims that the trial court erred when it determined that the statute of repose began to run from the date of the surgery, rather than the last date of his treatment. This court also addressed this issue in *McNeal*:

But plaintiffs' arguments take these cases out of context and cannot be squared with the plain language of R.C. 2305.113(C)(1), which specifies that no action on a medical claim "shall be commenced more than four years after the occurrence of the act or omission constituting the alleged basis of the medical * * * claim." In *Wilson* [*v. Durrani*, 2019-Ohio-3880, 145 N.E.3d 1071 (1st Dist.)], we quoted that very language right after the "last culpable act" comment, and certainly we did not intend to broaden the statutory language. Nor does *Bugh* [*v. Ohio Dept. of Rehab., and Corr.*, 2019-Ohio-112, 128 N.E.3d 906

4

(10th Dist.)] help these plaintiffs because it dealt with a medical claim premised on the failure to diagnose, in which the court sought to ascertain the last date the patient was eligible for corrective treatment to determine whether the statute of repose barred the medical claims. The court necessarily needed to determine the latest date on which proper diagnosis could have helped the patient, given that an omission formed the basis of the patient's medical claim.

These cases fail to provide Messrs. Arnold and McNeal a ticket for reversal because their claims revolve around affirmative actions—the alleged negligently-performed surgeries by Dr. Durrani. To be sure, both individuals saw Dr. Durrani subsequent to their surgeries, but these subsequent visits do not form the basis for their medical claims. A tour of their complaints reveals instead that the underlying claims rest on the contention that Dr. Durrani improperly and unnecessarily performed surgery on them. Thus, the "act" from which the statute of repose necessarily runs here is from the date of the surgeries because they constitute the alleged basis of the medical claims.

(Citations omitted.) *McNeal* at ¶ 14-15. Again, Schuster has presented no argument requiring this court to reconsider that issue.

### A Complaint May Be Refiled Outside the Statute of Repose Under Certain Circumstances

{¶8} Within his second argument, Schuster also argues that the trial court erred because the savings statute allowed his original complaint, which had been timely filed within the medical statute of repose, to be voluntarily dismissed pursuant to Civ.R. 41(A) and then refiled as long as it was refiled within one year. Schuster is correct.

We recently explored this issue in depth in *Wilson* [*v. Durrani*, 2019-Ohio-3880, 145 N.E.3d 1071 (1st Dist.)]. In *Wilson*, we held that R.C. 2305.19(A) could save a party's claim dismissed without prejudice and refiled within one year, even after the statute of repose in R.C. 2305.113(C) ran, when the initial claim was timely filed within the four-year statute of repose period. Thus, the savings statute saved the plaintiffs' refiled suits in *Wilson* not only because the requisites of R.C. 2305.19(A) were met, but also because they timely initiated their suits within the four-year repose period. We accordingly concluded "that the saving statute, properly invoked, allows actions to survive beyond the expiration of the medical malpractice statute of repose." In other words, the refiled suits, although falling outside of the repose period, related back to the timely-filed initial complaints.

(Citations omitted.) *McNeal* at ¶ 11.

{¶9} In this case, Schuster filed his suit within the statute of repose. Schuster's surgery was performed on December 8, 2010, and the suit was filed on April 9, 2013. His suit was dismissed pursuant to Civ.R. 41(A) in December of 2014 and was refiled within one year on November 19, 2015. Pursuant to this court's holding in *Wilson*, the suit was timely filed and then timely refiled. Therefore, the trial court erred when it dismissed the suit as untimely.

### Arguments We Decline to Address

{¶10} Schuster has raised a number of additional arguments that we need not address at this time. First, Schuster argues that Durrani's flight to Pakistan in December 2013 tolled the running of the statute of repose for medical claims. He also argues that appellees were equitably estopped from asserting the defense of the running of the statute of repose because of fraud. He additionally argues that the

refiled complaints were not "medical claims" because Durrani was not a doctor when the complaints were refiled as he lost his license in 2014. Finally, Schuster argues that the statute of limitations should have been tolled because it was based on Durrani leaving a foreign object in his body during surgery, and such claims are timely when filed within one year of the discovery of the foreign object.

{¶11} We need not determine whether the statute of repose would have been tolled because of Durrani's flight since we have determined that the refiled complaint was timely without such tolling. Similarly, we need not determine whether the appellees should be equitably estopped from making the argument that the complaint has been untimely filed as we have rejected that argument on its merits. We also need not determine whether claims filed after Durrani lost his license are "medical claims" as we have determined that the refiled complaint was timely, and that refiled complaint related back to the original complaint that had been filed while Durrani was still licensed in 2013. *See McNeal*, 2019-Ohio-5351, 138 N.E.3d 1231, at ¶ 11. Finally, we need not decide here if Ohio's foreign-object exception set forth under R.C. 2905.113(D)(2) applies because we have determined that the claims were timely filed without it.

### Spoliation Claims Remain

{¶12} Finally, within his first assignment of error, Schuster claims that the trial court improperly dismissed his spoliation claims. The trial court dismissed the spoliation-of-evidence claims based on its conclusion that the underlying claims had been untimely presented and, as a result, there was no harm from the alleged destruction of evidence because there were no timely-filed, substantive claims. But since the trial court erred in finding that the substantive claims were untimely filed, the spoliation claims remain as well. For the reasons set forth above, we sustain the first assignment of error.

**Motion to Amend Complaint**

{¶13}    In his second assignment of error, Schuster claims that the trial court abused its discretion when it refused to allow him to file an amended complaint.  We addressed this precise situation in *Wilson*.  In that case, this court held that the trial court had improperly dismissed claims based on the complaint having been filed outside the statute of repose.  Having made that determination, we went on to state that:

> in their second assignment of error, the appellants assert that the trial court erred in denying their motions for leave to file amended complaints. The trial court denied the appellants leave on the basis that their amendments would be futile as time barred under the medical malpractice statute of repose. In light of the preceding analysis, we sustain the appellants' second assignment of error and remand for further consideration of the motions for leave.

*Wilson v. Durrani*, 2019-Ohio-3880, 145 N.E.3d 1071, ¶ 33.  As in *Wilson*, the trial court erred when it dismissed the claims based on the determination that they had been untimely filed.   Therefore, as we did in *Wilson*, we sustain the second assignment of error.

**Conclusion**

{¶14}    We hold that the trial court improperly granted appellees' motion to dismiss Schuster's refiled complaint on the basis that it had been untimely filed, and we sustain Schuster's first assignment of error on that basis.  We also sustain Schuster's second assignment of error and remand the cause for further consideration of the motion for leave to file an amended complaint.

Judgment reversed and cause remanded.

**ZAYAS** and **CROUSE, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

