[Cite as *Jones v. Durrani*, 2020-Ohio-5607.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| RACHEL JONES, | : | APPEAL NO. C-180642<br>TRIAL NO. A-1601422 |
| and | : | |
| JEFF JONES, | : | *O P I N I O N.* |
| Plaintiffs-Appellants, | : | |
| vs. | : | |
| ABUBAKAR ATIQ DURRANI, M.D., | : | |
| CENTER FOR ADVANCED SPINE<br>TECHNOLOGIES, INC., | : | |
| | : | |
| and | : | |
| RIVERVIEW HEALTH INSTITUTE, | : | |
| Defendants-Appellees, | : | |
| and | : | |
| WEST CHESTER HOSPITAL, LLC, | : | |
| and | : | |
| UC HEALTH, | : | |
| Defendants. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: December 9, 2020

*Robert A. Winter, Jr.*, and *The Deters Law Firm, P.S.C.*, and *Benjamin M. Maraan, II*, for Plaintiffs-Appellants,

*Taft Stettinius & Hollister LLP, Russell S. Sayre, Aaron M. Herzog* and *Philip D. Williamson*, for Defendants-Appellees Abubakar Atiq Durrani, M.D., and Center For Advanced Spine Technologies, Inc.,

*Calderhead, Lockemeyer & Peschke, David S. Lockemeyer* and *Joshua F. DeBra*, for Defendant-Appellee Riverview Health Institute.

**MOCK, Presiding Judge.**

{¶1}   This is another appeal involving the malpractice allegedly committed by Dr. Abubakar Atiq Durrani.  In this case, we evaluate the complaint filed by plaintiffs-appellants Rachel Jones and her husband, Jeff Jones.  In line with recent authority from this court, we conclude that Ohio's savings statute, R.C. 2305.19, operates to save the Joneses' complaint filed in Hamilton County even though it was filed outside the medical statute-of-repose period.  Therefore, we reverse the trial court's judgment granting defendant-appellee Riverview Health Institute, LLC's, ("RHI") motion to dismiss the Joneses' complaint, as well as the court's grant of judgment on the pleadings in favor of defendants-appellees, Dr. Durrani and Center for Advanced Spine Technologies, Inc., ("CAST").

### Background

{¶2}   In 2010, Ms. Jones's primary care physician referred her to Dr. Durrani for her back pain.  Dr. Durrani initially recommended injections but then informed Ms. Jones immediate surgery was necessary or she would suffer "dire consequences."  Dr. Durrani performed lumbar spine surgery on Ms. Jones at defendant West Chester Hospital in January 2011.  This surgery did not relieve her pain, and it increased.  Several months later, Ms. Jones was experiencing new and intense pain in her neck.  Advising of the necessity of surgery again, Dr. Durrani performed cervical spine surgery on Ms. Jones at RHI in August 2011.  During this surgery, Dr. Durrani implanted BMP-2 in her spine, allegedly without Ms. Jones's informed consent.  Unfortunately, the surgery did not relieve Ms. Jones's pain and instead, after the surgery, she experienced increased pain and difficulty swallowing.  This led to Ms. Jones and her husband eventually filing a lawsuit in the Butler County Common Pleas Court against Dr. Durrani, CAST, RHI, West Chester Hospital

and UC Health on May 9, 2014, but subsequently voluntarily dismissing the claims pursuant to Civ.R. 41(A) in November 2015. Less than a year later, in March 2016, the Joneses refiled their complaint in Hamilton County against the same parties asserting claims of negligence, fraud, lack of informed consent, negligent credentialing, and spoliation of evidence, among others.

{¶3} After answering the complaint, Dr. Durrani and CAST moved for judgment on the pleadings, and RHI moved to dismiss the Joneses' complaint against it under Civ.R. 12(B)(6), each arguing that the claims against them could not stand based on Ohio's four-year medical-malpractice statute of repose. Agreeing with the defendants, the trial court granted both motions, deeming the Joneses' complaint untimely as it fell outside the four-year window allotted under the statute. The court also denied the Joneses' motion to amend their complaint to add a new claim, concluding that the claim was futile in light of the statute-of-repose barrier.

{¶4} Ms. Jones and her husband now appeal the trial court's judgment. After filing their appeal, however, they voluntarily dismissed with prejudice the pending claims against West Chester Hospital and UC Health. Thus, only Dr. Durrani, CAST and RHI are the parties relevant to this appeal. Additionally, we note that there were two surgeries performed by Dr. Durrani on Ms. Jones – the first in January 2011 and the second in August 2011. The claims against RHI only relate to the second surgery as the first surgery was performed at West Chester Hospital, which is no longer a party to this appeal.

{¶5} On appeal, Ms. Jones and her husband present two assignments of error, challenging the dismissal of their claims as barred by the medical-malpractice statute of repose and the trial court's denial of their motion to amend their complaint.

4

{¶6} The trial court granted judgment on the pleadings pursuant to Civ.R. 12(C) as to the claims against Dr. Durrani and CAST, while dismissing the claims as to RHI on Civ.R. 12(B)(6) grounds. We review a trial court's decision granting judgment on the pleadings de novo. *Wilson v. Durrani*, 2019-Ohio-3880, 145 N.E.3d 1071, ¶ 15 (1st Dist.), citing *Euvrard v. The Christ Hosp.*, 141 Ohio App.3d 572, 752 N.E.2d 326 (1st Dist.2001). In order to grant a judgment on the pleadings, the court "must construe the material allegations in the complaint as well as reasonable inferences arising from them in favor of the plaintiff and conclude beyond a doubt that the plaintiff can show no set of facts that would entitle him to relief." *Id.* We also review a ruling on Civ.R. 12(B)(6) grounds de novo. *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶ 4-5. In reviewing whether a motion to dismiss should be granted, we accept as true all factual allegations in the complaint. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988).

## Refiled Complaint Timely

{¶7} Under their first assignment, the Joneses argue that the Ohio savings statute, R.C. 2305.15(A), allows the original complaint, which had been timely filed within the medical statute of repose, to be voluntarily dismissed under Civ.R. 41(A) and then refiled as long as it was refiled within one year. We agree.

{¶8} Both of Ms. Jones's surgeries occurred in 2011. Ms. Jones filed her initial complaint in Butler County in 2014, within the four-year repose period for purposes of R.C. 2305.113(C). Ms. Jones then subsequently voluntarily dismissed that complaint, refiling largely indistinguishable claims in Hamilton County within one year of the dismissal of the original complaint (but otherwise outside of the medical-malpractice statute of repose). Despite refiling the claim outside the repose

period, the Joneses' claims are nevertheless saved by R.C. 2305.19(A), as confirmed by our recent case law, so long as the two complaints are "substantially the same." *See Jonas v. Durrani*, 2020-Ohio-3787, ___ N.E.3d ___, ¶ 27 (1st Dist.), citing *Wilson* at ¶ 25 and 31; *Children's Hosp. v. Ohio Dept. of Pub. Welfare*, 69 Ohio St.2d 523, 525, 433 N.E.2d 187 (1982) ("The savings statute applies when the original suit and the new action are substantially the same."). Upon review, the two complaints satisfy the standard, as they essentially raise the same claims against the same parties. *Id.* Because the two complaints are substantially similar for purposes of invoking the savings statute, we hold that the trial court erred by dismissing the new complaint against RHI and entering judgment on the pleadings in favor of Durrani and CAST.

{¶9} We note that Ms. Jones, in fear that her savings-statute argument may fail, raised several other arguments in an attempt to circumvent the medical-malpractice statute of repose. We decline to address those arguments as we have held that the refiled complaint was timely. See *Deck v. Durrani*, 1st Dist. Hamilton No. C-180685, 2020-Ohio-3790, ¶ 11-12.

## Motion to Amend the Complaint

{¶10} Under their second assignment of error, the Joneses claim that the trial court abused its discretion when it refused to grant them leave to file an amended complaint. The trial court denied the Joneses' motion for leave to amend their complaint on the basis that the amendments would be futile as time barred under the medical-malpractice statute of repose. However, we have held that their complaint was timely filed. In light of that holding, we sustain the Joneses' second assignment of error and remand for further consideration of the motion for leave to amend. *See Wilson*, 2019-Ohio-3880, 145 N.E.3d 1071, at ¶ 33 (remanding the matter of appellants' motions for leave to amend their complaints to trial court for

further consideration in light of the appellate court's holding that the appellants' complaints were timely filed); *Deck* at ¶ 13 (remanding the issue of whether leave to amend complaint was properly denied in light of appellate court's holding that appellant's complaint was timely filed).

## Conclusion

{¶11} We hold that the trial court improperly granted judgment on the pleadings in favor of Dr. Durrani and CAST and improperly dismissed the Joneses' refiled complaint, on the basis that it had been untimely filed, and we sustain the Joneses' first assignment of error on that basis. We also sustain the Joneses' second assignment of error and remand this cause for further consideration of the motion for leave to file an amended complaint.

Judgment reversed and cause remanded.

**ZAYAS** and **BERGERON, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.