[Cite as *McCarthy v. Abraham*, 2023-Ohio-4845.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Brett McCarthy, individually, as Executor of the Estate of Kathleen McCarthy, and next friend of Brendan and Jacqueline McCarthy, minors, | : | |
| | : | |
| Plaintiffs-Appellants, | : | |
| | : | No. 23AP-281 |
| v. | : | (C.P.C. No. 21CV-1144) |
| | : | (REGULAR CALENDAR) |
| Daniel N. Abraham, | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on December 29, 2023

**On brief:** *Beausay & Nichols Law Firm*, *T. Jeffrey Beausay*, and *Sara C. Nichols*, for appellants. **Argued:** *T. Jeffrey Beausay*.

**On brief:** *Montgomery Jonson LLP*, *G. Todd Hoffpauir*, and *George D. Jonson*, for appellee. **Argued:** *G. Todd Hoffpauir*.

APPEAL from the Franklin County Court of Common Pleas

LELAND, J.

{¶ 1} Plaintiffs-appellants, Brett McCarthy, individually, as executor of the Estate of Kathleen McCarthy, and next friend of two minor children and Reagan McCarthy, appeal from a judgment of the Franklin County Court of Common Pleas granting the motion for summary judgment filed by defendant-appellee, Daniel N. Abraham, and dismissing the McCarthys' legal malpractice claims. For the reasons that follow, we affirm.

## I. Facts and Procedural History

{¶ 2} This case hinges on whether Mr. Abraham, a Columbus-area attorney, committed legal malpractice stemming from his advice to Kathleen and Brett McCarthy, in

2019, regarding the deadline to refile their voluntarily dismissed medical malpractice complaint against Dr. Peter Lee and his practice, which ultimately resulted in those medical claims being barred by the four-year statute of repose stated in R.C. 2305.113(C). Because Mr. Abraham advised the McCarthys prior to *Wilson v. Durrani*, 164 Ohio St.3d 419, 2020-Ohio-6827, and did so in line with precedent of this court and other legal authority that held the one-year savings statute applied in these circumstances, we conclude Mr. Abraham is entitled to summary judgment in his favor.

{¶ 3}    The parties agree the McCarthys' medical claims against Dr. Lee and his practice arose at the latest on April 15, 2015, the date of Kathleen's last exam with Dr. Lee. As the basis for their medical claims, the McCarthys alleged Dr. Lee failed to discuss with Kathleen the possibility of colon cancer based on her symptoms or order a colonoscopy. Two years later, in April 2017, Kathleen underwent an endoscopy and colonoscopy that revealed a mass and led to a diagnosis of Stage IIIC colon cancer.

{¶ 4}    After successfully securing a 180-day extension under R.C. 2305.113(B) to the one-year statute of limitations for medical claims, Kathleen contacted Colley Shroyer & Abraham in September 2018. Mr. Abraham commenced a civil lawsuit against Dr. Lee and his practice on behalf of the McCarthys on October 5, 2018 and by doing so met the statute of limitations. The complaint alleged medical negligence, loss of consortium, and wrongful death, the latter of which was based on the terminal nature of Kathleen's disease.

{¶ 5}    The McCarthys, through Mr. Abraham, then voluntarily dismissed the case without prejudice on January 22, 2019; Mr. Abraham contends the voluntary dismissal resulted from his inability to secure a Civ.R. 10(D)(2) Affidavit of Merit from an expert who would support the claims. The following day, by letter dated January 23, 2019, Mr. Abraham told the McCarthys that "[u]nder Ohio law, you have one year from the date this dismissal was filed, or until **January 22, 2020**, to re-file your complaint or you will be forever barred from pursuing this matter further." (Emphasis sic.) (Mot. for Summ. Jgmt., Ex. A-3, Jan. 23, 2019 Letter at 1.) Mr. Abraham also notified the McCarthys that he was closing their file and taking no further action on the case.

{¶ 6}    The McCarthys re-filed the complaint against Dr. Lee on January 21, 2020 through different counsel and obtained extensions to file affidavits of merit in support of

the complaint. An affidavit of merit was ultimately secured by the McCarthys' current counsel and filed on October 1, 2020.

**{¶ 7}** That same year, on December 23, 2020, the Supreme Court of Ohio decided *Wilson*, holding in pertinent part that "[e]xpiration of the statute of repose precludes the commencement, pursuant to the saving statute, of a claim that has previously failed otherwise than on the merits in a prior action." *Id.* at ¶ 38. The court denied a request by Kathleen, as amicus curiae, for the *Wilson* decision to be applied prospectively only. *See Wilson v. Durrani*, 161 Ohio St.3d 1453, 2021-Ohio-534.

**{¶ 8}** Dr. Lee filed a motion for judgment on the pleadings based on *Wilson*, arguing the McCarthys' claims were barred by the statute of repose. The trial court granted Dr. Lee's motion based on the expiration of the statute of repose, thereby dismissing the McCarthys' claims. In *McCarthy v. Lee*, 10th Dist. No. 21AP-105, 2022-Ohio-1033, this court affirmed the trial court decision as to the medical claims but reversed as to the wrongful death claims after determining the medical statute of repose, R.C. 2305.113(C), did not apply to wrongful death claims. *Id.* at ¶ 30, 34 (noting the appellants did not set forth an assignment of error challenging the trial court's determination on the medical malpractice claim but "observ[ing]" that, under *Wilson*, the statute of repose would bar the refiling of their medical malpractice claim under the savings statute). The Supreme Court reversed this court's judgment. *See McCarthy v. Lee*, ___ Ohio St.3d ___, 2023-Ohio-4699 (reversing on the authority of *Everhart v. Coshocton Cty. Mem. Hosp.*, ___ Ohio St.3d ___, 2023-Ohio-4670).

**{¶ 9}** On February 24, 2021, the McCarthys filed a complaint against Mr. Abraham alleging legal malpractice and amended the complaint December 10, 2021. They alleged in the complaint that Mr. Abraham failed to exercise reasonable care in advising them concerning the statute of repose, failed to include the claims of their children in the complaint, and improperly asserted wrongful death as a cause of action.

**{¶ 10}** The McCarthys obtained an expert, Michael Djordjevic, who testified on deposition that for a legal malpractice claim, "[t]he standard of care is what a reasonably prudent practitioner of ordinary skill, care and diligence would do in the same or similar circumstances." (Djordjevic Depo. at 13.) In his view, the difference between the standard

of care and a best practice is "the standard of care is the minimum" and "best practices is something over the standard of care." (Djordjevic Depo. at 13-14.)

{¶ 11} According to Djordjevic, before *Wilson* was issued in December 2020, the question of whether the statute of repose would trump the savings statute "wasn't settled law." (Djordjevic Depo. at 18.) In his view, the unsettled nature of this issue existed before *Antoon v. Cleveland Clinic Found.*, 148 Ohio St.3d 483, 2016-Ohio-7432, and the Supreme Court in *Antoon* in effect called attention to this "open question." (Djordjevic Depo. at 18.) He was aware of cases before *Antoon* that concluded the savings statue extended the statute of repose, including a Tenth District case that was not accepted by the Supreme Court for appeal, and was not aware of any case concluding the opposite. He agreed that where the Supreme Court has not spoken on an issue, a trial court is bound to follow precedent in its appellate district. Djordjevic opined Mr. Abraham breached the standard of care by failing to advise the McCarthys that the Ohio savings statute might not extend the statute of repose beyond the four-year period—a "better to be safe than sorry" approach. (Djordjevic Depo. at 19.) He additionally opined Mr. Abraham breached the standard of care by failing to advise the McCarthys about the possibility of bringing consortium claims on behalf of their minor children and by asserting a wrongful death claim on Kathleen's behalf while she was still alive. He did not believe Mr. Abraham's assertion of the wrongful death claim caused the McCarthys harm.

{¶ 12} On April 28, 2021, a complaint was filed on behalf of the McCarthys' minor children against Dr. Lee and OhioHealth Physician Group alleging loss of consortium. That case was also dismissed by the trial court due to the parents' claims begin barred by the statute of repose. This court in *McCarthy v. Lee*, 10th Dist. No. 21AP-426, 2022-Ohio-1413, affirmed the trial court and the Supreme Court affirmed this court's judgment. *See McCarthy v. Lee*, __Ohio St.3d__, 2023-Ohio-4696 (determining that, when parents' medical negligence claim extinguished by statute of repose, R.C. 2305.113(C)(2), children's derivative loss-of-parental-consortium claim no longer exists).

{¶ 13} Mr. Abraham filed a motion for summary judgment on September 29, 2022 arguing the advice he gave the McCarthys followed precedent and other published decisions on the issue, and, even if the issue was unsettled, attorneys cannot as a matter of law be held to have breached the standard of care to a client based on doubtful or debatable

questions. Mr. Abraham further noted that in May 2018, five months before the McCarthys retained him, he personally argued and prevailed on this same statute of repose/savings statute issue in the Franklin County Court of Common Pleas on behalf of another medical malpractice client, thereby avoiding dismissal in that case. (Mot. for Summ. Jgmt. at 8-9; and Ex. 4 to Abraham Affidavit: *Giannobile v. Riverside Radiology & Interventional Assocs., Inc.*, Franklin C.P. No. 15CV-1854.) Mr. Abraham also argued the McCarthys could not prove his alleged failure to provide advice regarding the minor children's consortium claims or his assertion of the wrongful death claim proximately resulted in any damages and contended the McCarthys failed to timely file their legal malpractice claims.

{¶ 14} The McCarthys filed a memorandum in opposition to summary judgment on October 27, 2022 contending Mr. Abraham failed to properly advise Kathleen on the statute of repose, included a wrongful death claim but excluded claims of the minor children, failed to obtain a complete set of records, and sent an incomplete set of records to a gastroenterologist, who would not qualify as an expert to support the case. They argued that missing a filing deadline is "malpractice per se" and that they also retained an expert to support their case. (Memo in Opp. at 5.) Mr. Abraham filed a reply to the memorandum in opposition and the McCarthys filed a motion for leave to file a sur-reply, which was ultimately denied.

{¶ 15} Kathleen passed away on December 2, 2022. Mr. McCarthy, through counsel, moved for, and was granted, leave to file a second amended complaint to substitute Mr. McCarthy as plaintiff individually and as executor of Kathleen's estate and next friend of the minor children, and to reflect one child's status as an adult. (*See* Feb. 8, 2023 Second Am. Compl.)

{¶ 16} The trial court issued its decision granting Mr. Abraham summary judgment on April 26, 2023. In doing so, the trial court found that "based upon the status of the law in January 2019, the McCarthys were appropriately advised by Mr. Abraham." (Decision at 4.) The trial court further found that, as acknowledged by the McCarthys' expert, "the law surrounding the savings statute and the statute of repose was unsettled, at best, at the time Mr. Abraham was advising the McCarthys." (Decision at 5.) To this point, the trial court determinized the cases cited by Mr. Abraham supported the general principle that attorneys cannot breach their standard of care when the law is debatable or unsettled. The

trial court additionally found Mr. Abraham's failure to include the claims of the children against Dr. Lee did not proximately cause any damage to the McCarthys, and that Mr. Abraham did not breach the standard of care by including a wrongful death claim and that no harm was suffered as a result of that action. Finally, the trial court determined the McCarthys' action for legal malpractice was timely filed. As a result, the trial court dismissed the action for legal malpractice against Mr. Abraham.

## II. Assignment of Error

{¶ 17} Appellants assign a single assignment of error for our review:

> The trial court erred in granting defendant's motion for summary judgment.

## III. Standard of Review

{¶ 18} Appellate review of summary judgments is de novo. *MacDonald v. Authentic Invests., L.L.C.*, 10th Dist. No. 15AP-801, 2016-Ohio-4640, ¶ 22. "Under the de novo standard of review, an appellate court undertakes an independent review of the evidence without deference to the trial court's decision." *Kiser v. United Dairy Farmers*, 10th Dist. No. 22AP-539, 2023-Ohio-2136, ¶ 9, citing *Nazareth Deli L.L.C. v. John W. Dawson Ins. Inc.*, 10th Dist. No. 21AP-394, 2022-Ohio-3994, ¶ 22. Summary judgment is proper only when the party moving for summary judgment demonstrates: (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the non-moving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56; *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997).

{¶ 19} Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The moving party, however, cannot discharge its initial burden under this rule with a conclusory assertion that the non-moving party has no evidence to prove its case; the moving party must specifically point to evidence of a type listed in Civ.R. 56(C), affirmatively demonstrating that the non-moving party has no evidence to support the non-moving party's claims. *Id.* at 293. Once the moving party discharges its initial

burden, summary judgment is appropriate if the non-moving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. *Id*.; Civ.R. 56(E).

**IV. Analysis**

{¶ 20} "To establish a cause of action for legal malpractice based on negligent representation, a plaintiff must show (1) that the attorney owed a duty or obligation to the plaintiff, (2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law, and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss." *Vahila v. Hall*, 77 Ohio St.3d 421 (1997), syllabus. The parties do not dispute that the first requirement is met.

{¶ 21} Regarding the second element of a legal malpractice claim, a plaintiff cannot merely demonstrate "imperfect representation," but rather "must establish a failure to conform to the applicable standard of care." *Seoane-Vazquez v. Rosenberg*, 10th Dist. No. 19AP-16, 2019-Ohio-4997, ¶ 23. "The duty of an attorney to his client is to * * * exercise the knowledge, skill, and ability ordinarily possessed and exercised by members of the legal profession similarly situated, and to be ordinarily and reasonably diligent, careful, and prudent in discharging the duties he has assumed." (Internal quotations omitted.) *Phillips v. Wilkinson*, 10th Dist. No. 17AP-231, 2017-Ohio-8505, ¶ 14, quoting *Yates v. Brown*, 185 Ohio App.3d 742, 2010-Ohio-35, ¶ 17 (9th Dist.), quoting *Palmer v. Westmeyer*, 48 Ohio App.3d 296, 298 (6th Dist.1988), quoting 67 Ohio Jurisprudence 3d, Malpractice, Section 9, at 16 (1986).

{¶ 22} Appellants assert Mr. Abraham failed to meet the standard of care owed the McCarthys by: (1) failing to obtain complete records from Dr. Lee, (2) failing to consult with a colon and rectal surgeon regarding the standard of care, (3) failing to include the claims of the minor children in the civil action, (4) including a wrongful death claim when Kathleen was still alive, and (5) failing to "advise Kathleen on Ohio's statute of repose" and instead "specifically telling her she had a full year to refile." (Appellants' Brief at 14-15.)

{¶ 23} Despite naming five standard of care violations, appellants devote their entire law and argument section to explaining why the trial court erred in granting summary judgment to Mr. Abraham concerning his advice on the refiling deadline. Consequently,

we likewise will address the refiling advice issue and decline to craft legally supported arguments corresponding to appellants' other stated bases for legal malpractice. *See State v. Sims*, 10th Dist. No. 14AP-1025, 2016-Ohio-4763, ¶ 11 (stating general rule that an appellant bears the burden of affirmatively demonstrating error on appeal); *State v. Hubbard*, 10th Dist. No. 11AP-945, 2013-Ohio-2735, ¶ 34 ("[a]n appellant must support their assignments of error with an argument, which includes citation to legal authority"), citing App.R. 16(A)(7) and 12(A)(2); *J.W. v. D.W.*, 10th Dist. No. 19AP-52, 2019-Ohio-4018, ¶ 55 (noting it is not the duty of an appellate court to create an argument on an appellant's behalf); *Cook v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 14AP-852, 2015-Ohio-4966, ¶ 40, quoting *Bond v. Canal Winchester*, 10th Dist. No. 07AP-556, 2008-Ohio-945, ¶ 16 (" 'It is the duty of the appellant, not the appellate court, to construct the legal arguments necessary to support the appellant's assignments of error.' ").

{¶ 24} On this issue, appellants initially assert that contrary to the advice Mr. Abraham gave to the McCarthys, "[t]he 'law was clear' that the [McCarthys] refiled complaint had to be filed on or before 4-15-2019" pursuant to R.C. 2305.113 and the *Antoon* decision and "*Wilson* * * * did not change anything." (Appellants' Brief at 30, 34.) Appellants go on to argue that, after *Antoon*, "[n]o lawyer would * * * describe [whether Ohio's saving statute allow actions to survive beyond the expiration of the statute of repose] as 'a settled point of law.' It was emphatically *not* settled. But the standard of care *was* settled: A refiled case must be filed within the statute of repose." (Emphasis sic.) (Reply at 9.) To this later point, appellants contend the trial court improperly discounted the opinion of their expert on the standard of care owed in situations involving attorneys giving advice on unsettled areas of law. Appellants additionally contend the trial court should have considered *Antoon* and should not have relied on Eighth and Second District appellate cases, and the cases cited by Mr. Abraham showing courts prior to *Wilson* permitted the saving statute to extend the statute of repose should not control here.

{¶ 25} Mr. Abraham counters that, regarding the refiling deadline advice issue, Ohio lawyers cannot be liable for legal malpractice based on rendering advice relating to settled points of law that are subsequently changed or on doubtful or debatable points of law; that Mr. Abraham's advice was based on settled law at the time he gave it, but the McCarthys' own expert concedes the law, at most, was unsettled; and that the trial court did not

improperly ignore or weigh Djordjevic's opinions but rather it relied on the only opinion he gave that mattered (that the refiling issue was unsettled).

{¶ 26} We agree with Mr. Abraham. "In a legal malpractice action, an attorney's acts must be governed by the law as it existed at the time of the act." *Howard v. Sweeney*, 27 Ohio App.3d 41 (8th Dist.1985), paragraph two of the syllabus. Moreover, "[a]n attorney cannot be held liable for malpractice for lack of knowledge as to the true state of the law where a doubtful or debatable point is involved." *Id.* at paragraph one of the syllabus. Thus, "[c]ounsel's failure to predict a subsequent change in a settled point of law cannot serve as a foundation for professional negligence." *Id.* at paragraph two of the syllabus. *See Holley v. Massie*, 100 Ohio App.3d 760, 764 (2d Dist.1995) (adopting *Howard* reasoning and concluding summary judgment in favor of attorney on the plaintiff's legal malpractice claims was appropriate where, in pertinent part, the alleged issue was "debatable" with a "void in Ohio case law" and out-of-state authorities in support of both views); *Luna v. Walsh*, 6th Dist. No. H-96-11 (Oct. 11, 1996) ("We refuse to hold an attorney liable for legal malpractice when the legal point involved was in doubt at the time the legal services were performed."); *Kingsley v. Browning*, 4th Dist. No. 81 CA 13 (Aug. 11, 1982) ("It is universally recognized that an attorney will not be held liable when, acting in good faith and in a belief that his conduct is in the best interest of his client, for a mere error of judgment or for mistakes on points of law which are subject to dispute and unsettled."); *Thomarios v. Lieberth*, 9th Dist. No. 15229 (Feb. 19, 1992) (citing *Howard* standard to find summary judgment in favor of attorney on legal malpractice claim appropriate where a debatable issue of law was involved); *Peterson, Ibold & Wantz v. Whiting*, 109 Ohio App.3d 738, 745 (11th Dist.1996) (citing *Howard* and *Holley* to hold summary judgment was appropriate in favor of an attorney on a legal malpractice claim). *See also* 67 Ohio Jurisprudence 3d, Malpractice, Section 18 ("An attorney cannot be held liable for malpractice for lack of knowledge as to the true state of the law when a doubtful or debatable point is involved; an attorney's acts must be governed by the law as it existed at the time of the act, and counsel's failure to predict a subsequent change in a settled point of law cannot serve as a foundation for professional negligence. The necessity of taking particular steps in litigation, when debatable, does not provide the basis for an attorney's breach of duty to the client."); 1a Ohio Civil Practice with Forms, Section 25.02 (2023) (stating *Howard* standard).

**{¶ 27}** In this case, Mr. Abraham provided advice to the McCarthys regarding the deadline to refile their medical malpractice claims based on the state of the law as it existed at that time. The Supreme Court had declined in *Antoon* to decide the issue of whether the statute of repose could be extended through the savings statute. *Antoon* at ¶ 30 ("We do not decide today whether Ohio's saving statute, R.C. 2305.19, * * * properly invoked, may allow actions to survive beyond expiration of the statute of repose."). In the absence of a final word from the Supreme Court on that issue, precedent from the Tenth District controlled filing issues in the common pleas court, where the McCarthys sought to bring their claims. *See Estate of Aukland v. Broadview NH, L.L.C.*, 10th Dist. No. 16AP-661, 2017-Ohio-5602, ¶ 21 (discussing precedent that binds trial and appellate courts versus persuasive but not controlling authority).

**{¶ 28}** In January 2019, prior to *Wilson*, the Tenth District and consequently the common pleas court held the savings statute applied to extend the statute of repose for medical claims. *See Bugh v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 17AP-779, 2019-Ohio-112, ¶ 24 (concluding, a week prior to Mr. Abraham's advice on this issue and with consideration of *Antoon* and *Wade*, that Ohio's savings statute, R.C. 2305.19, could apply to extend the four-year statute of repose in R.C. 2305.113(C)); *Wade v. Reynolds*, 34 Ohio App.3d 61 (10th Dist.1986) (interpreting prior version of statute of repose to hold the savings provisions of R.C. 2305.19 are applicable to medical malpractice claims where the refiling occurs outside the four-year repose period); *Giannobile* (ruling in Mr. Abraham's favor on this issue on May 4, 2018, several months prior to his representation of the McCarthys and January 2019 advice on this issue). *See also Atwood v. UC Health*, S.D.Ohio No. 1:16cv593, 2018 U.S. Dist. LEXIS 139495 (Aug. 17, 2018) (concluding that Ohio's saving statute, R.C. 2305.19, does apply to "save" the plaintiff's medical claims and noting *Wade*'s conclusion in this regard was in line with the analysis of similar statutes by three state supreme courts and one federal court of appeals).

**{¶ 29}** We note that after Mr. Abraham provided the advice to the McCarthys but prior to the Supreme Court's decision in *Wilson*, the First and Fifth Districts likewise concluded the savings statute would apply to extend the statute of repose. *See Wilson v. Durrani*, 1st Dist. No. C-180196, 2019-Ohio-3880, ¶ 32; *Schuster v. Durrani*, 1st Dist. No. C-180687, 2020-Ohio-3789, ¶ 1; *Johnson v. Stachel*, 5th Dist. No. 2019CA00123, 2020-

Ohio-3015, ¶ 33. While appellants cite to a 2017 First District trial court decision, *Freeman v. Durrani*, Hamilton C.P. No. A-1504131 (Dec. 6, 2017), as an example of a court concluding otherwise, it does not appear that decision was published, and, regardless, would not have held any persuasive weight considering the First District's *Wilson* and *Schuster* appellate decisions.

**{¶ 30}** Though appellants assert it would be "alarming" had Mr. Abraham relied on *Wade* in the absence of a final word on the issue from the Supreme Court, their own expert agreed with the accepted principle that relevant precedent of an appellate court binds the trial court in that district. (Appellants' Reply Brief at 11.) Many legal issues are not accepted by the Supreme Court for review, leaving an appellate court decision as the definitive source on that subject indefinitely. Furthermore, while it is clear appellants disagree with the *Howard* principle that liability for legal malpractice cannot be premised on advice concerning a doubtful or debatable point, they offer no legal authority to support the opposite conclusion. Thus, to the extent the statute of repose and savings statute issue was unsettled, appellants have not demonstrated Mr. Abraham may be held liable for legal malpractice based on advice in this case. *See Sims* at ¶ 11 (burden of affirmatively demonstrating error on appeal falls on the appellant); App.R. 9 and 16(A)(7). Finally, appellants' assertion that the trial court erred in assessing their expert's opinion lacks merit. The trial court did not improperly weigh or discount their expert, but instead considered the impact of the dispositive points of the expert's opinion, specifically regarding the refiling issue here being (in his view) unsettled, as applied in this case as a matter of law.

**{¶ 31}** By providing advice in line with relevant, contemporary precedent from the applicable appellate district as well as ample persuasive authority, Mr. Abraham comported with what " 'a reasonable attorney, similarly situated, would have [done] under the circumstances.' " *Goldberg v. Mittman*, 10th Dist. No. 07AP-304, 2007-Ohio-6599, ¶ 11, quoting *Brunstetter v. Keating*, 11th Dist. No. 2002-T-0057, 2003-Ohio-3270, ¶ 18. Mr. Abraham did not breach the standard of care he owed to the McCarthys as a matter of law and, as a result, the trial court appropriately granted summary judgment in favor of Mr. Abraham. Accordingly, appellants' assignment of error asserting otherwise lacks merit and is overruled.

## V. Conclusion

{¶ 32} Having overruled appellants' sole assignment of error, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

LUPER SCHUSTER and BOGGS, JJ., concur.

———————————